CHARLES A. TATEMAN, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Negligence: NOTICE: PLEADING: PETITION.** The allegation in a petition for negligence that the door of a car was negligently and carelessly maintained without sufficient hinges and fastenings, by reason whereof it fell, etc., is equivalent to the statement that the railway company knew, or might have known, of alleged defects and their dangerous character.

2. ———: **EVIDENCE: RES IPSA LOQUITUR.** The accident in this case is of such nature as to demonstrate without direct evidence the faulty condition of the door.

3. ———: **INSPECTION: INSTRUCTION.** When a prima facie case of the defect in an appliance is made whereby injury occurs, it devolves upon the owner to exculpate himself by showing proper inspection, and an instruction casting such burden upon the defendant is approved.

4. **Custom: EVIDENCE: INSTRUCTION.** The record is held to contain evidence sufficient to support certain instructions relating to the custom of plaintiff's employer to inspect certain goods in defendant's yards.

5. **Negligence: INSPECTION: OPENING CAR DOOR: INSTRUCTION: JURY QUESTION.** An instruction was asked declaring that the railway company was not required to break the seal of a car in order to inspect it. The court rightfully added, "unless such breaking was necessary properly to inspect the door of the car," since the proper inspection and its nature were matters for the jury.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1)   The petition does not state a cause of action

and defendant's objection to the introduction of any evidence thereunder should have been sustained. Current v. Railway, 86 Mo. 62; Crane v. Railway, 87 Mo. 588; Johnson v. Railway, 96 Mo. 340. (2) There is no evidence that the car door was defective. The only evidence is that when plaintiff attempted to open it, it fell and injured him. Negligence can not be presumed nor inferred from the mere fact of an accident and a consequent injury. Plefka v. Knapp, 145 Mo. 316; Yarnell v. Railway, 113 Mo. 570; Murphy v. Railway, 115 Mo. 111; Carvin v. St. Louis, 151 Mo. 334-345; Williams v. Railway, 119 Mo. 316; Goodrich v. Railway, 152 Mo. 222, and cases there cited; Eisender v. Railway, 33 Mo. App. 85-90; Breen v. Cooperage Co., 50 Mo. App. 202; Sauer v. Railway, 9 So. Rep. 566. (3) The court erred in giving to the jury instruction. Norville v. Railway, 60 Mo. App. 414-417; Kraupe v. Brewing Assn., 59 Mo. App. 277; Bailey v. Railway, 152 Mo. 449-461 (4) "The inspector was not bound to apply physical force to discover latent defects unless a careful inspection by the eye would have discovered some defect or probable weakness." Thompson v. Railway, 79 Minn. 291-293; Gutridge v. Railway, 94 Mo. 468; Sykes v. Railway, 88 Mo. App. 193-207; Plefka v. Knapp, 145 Mo. 316. (5) There was no evidence of any such custom as is mentioned in these instructions of which defendant's cashier or other agent in authority had knowledge, nor was there any evidence that such custom was so well established and universal that his knowledge would be presumed to warrant the giving of these instructions. Hoolan v. Bailey, 30 Mo. App. 585; Walsh v. Transportation Co., 52 Mo. 434; Martin v. Mill Co., 49 Mo. App. 23; Hyde v. News Co. 32 Mo. App. 298. (6) The court erred in refusing to give to the jury the following instruction requested by defendant: "The jury are instructed that under the evidence in this case it does not appear that any duty rested upon the defendant to break the seal of the car in question, or to open the same for the purpose of inspection to discover defects." And

Vol 96 mo app—29.

also erred in modifying said instruction and in giving the same as modified. It was not incumbent upon defendant to make tests to discover hidden defects or to apply physical force to the car door for the purpose of such inspection. Gutridge v. Railway, 94 Mo. 468; Thompson v. Railway, 79 Minn. 293. (7) The court erred in refusing to give to the jury the following instruction requested by the defendant: "The jury are instructed that the mere fact that the door of the car in question fell at the time plaintiff was attempting to open it, and injured him, is no evidence of any carelessness or negligence on the part of defendant." This has always been the law and it was error to refuse it. Plefka v. Knapp, 145 Mo. 316; Breen v. Cooperage Co., 50 Mo. App. 202; Ward v. Andrews, 3 Mo. App. 275; Nolan v. Shickle, 3 Mo. App. 300, 69 Mo. 336; Harvey v. Railway, 6 Mo. App. 585, 74 Mo. 538; Yarnell v. Railway, 113 Mo. 570; Murphy v. Railway, 115 Mo. 111.

*Mosman & Ryan* for respondent.

(1) The petition is not open to the oral objection made at the trial—that it did not state facts sufficient to constitute a cause of action. Plaintiff was upon the defendant's premises to transact business with it, and under such circumstances the defendant was in law bound to exercise ordinary care to see that the same were in a reasonably safe condition. Welch v. McAllister, 15 Mo. App. 492; O'Donnell v. Patton, 117 Mo. 13; Hartman v. Muehlbach, 64 Mo. App. 565; Moore v. Wabash, 84 Mo. 481; Sykes v. Railroad, 88 Mo. App. 204; Gordon v. Cummings, 152 Mass. 513; Carraway v. Long, 7 Mo. App. 595; Riding v. Railway, 33 Mo. App. 527; Watson v. Railway, 23 N. W. 380; Gressly v. Railway, 32 Mo. App. 418; Spotts v. Railway, 111 Mo. 380. It was the duty of the defendant to furnish reasonably safe vehicles. Haynes v. Railway, 54 Mo. App. 582; Sloan v. Railway, 58 Mo. 220; Austin v. Railway, 15 Mo. App. 197. Plaintiff was not required to plead that defendant knew, or by the exercise of ordinary care

would have known of the defect. This is not a case between master and servant and that rule does not apply here. Hill v. Railway, 49 Mo. App. 531; Gannon v. Gas Co., 145 Mo. 511; Sullivan v. Railway, 97 Mo. 113. But if we were wrong as to the law not requiring such an allegation, the petition contained an "equivalent averment" and is therefore good. Crane v. Railway, 87 Mo. 594; Young v. Shickle Co., 103 Mo. 328; Johnson v. Railway 96 Mo. 345; Dickson v. Railway, 104 Mo. 502; Cobb v. Railway, 149 Mo. 145. (2) The court did not err in overruling the defendant's demurrer to the evidence. Blanton v. Dold, 109 Mo. 74; Plefka v. Knapp, 145 Mo. 318; Gallaher v. Edison Co., 72 Mo. App. 579; Seiter v. Bischoff, 63 Mo. App. 157; Sackewitz v. Biscuit Co., 78 Mo. App. 151; Fuchs v. City, 133 Mo. 180, 199; Berry v. Railway, 124 Mo. 273; The Joseph B. Thomas, 81 Fed. Rep. 586; Houston v. Brush, 29 Atl. 380; Gannon v. Gas Co., 145 Mo. 513; Snyder v. Electric Co., 28 S. E. 735; Hill v. Scott, 38 Mo. App. 370. (3) Whether the defendant had by explanatory evidence cleared its skirts from all blame was a question for the jury to decide. Francke v. City, 110 Mo. 526; Gannon v. Gas Co., 145 Mo. 516; Hipsley v. Railway, 88 Mo. 348. No notice to the defendant of the defect was necessary in order to render it liable. Blanton v. Dold, 109 Mo. 70, 71; Fuchs v. City, 133 Mo. 180; Gannon v. Gas Co., 145 Mo. 508-510; Gallager v. Edison Co., 72 Mo. App. 579; Berry v. Railway, 124 Mo. 272; Seiter v. Bischoff, 63 Mo. App. 159; Ogelsby v. Railway, 150 Mo. 137; Franke v. City, 110 Mo. 526; Carvin v. City, 151 Mo. 347; Jegglin v. Roeder, 79 Mo. App. 434. (4) The court did not err in giving to the jury the plaintiff's sixth instruction. Its only purpose was to guide the jury in regard to the legal effect of the inspection. That was an affirmative defense and the burden was upon the defendant to establish it by satisfactory evidence. Stewart v. Sparkman, 76 App. 106; Sharp v. Railway, 114 Mo. 94; McManamee v. Railway, 135 Mo. 440; Banchor v. Gregory, 9 App. 102. (5) Whether defendant exercised reasonable care in making

the inspection was a jury question. Coontz v. Railway, 121 Mo. 652; Siela v. Railway, 82 Mo. 430; Ogelsby v. Railway, 150 Mo. 137; Bartly v. Trorlicht, 49 Mo. App. 214; Deedereck v. Railway, 21 Mo. App. 436; Nichols v. Glass Co., 126 Mo. 65; Covey v. Railway, 86 Mo. 641; Gutridge v. Railway, 105 Mo. 526. (6) The court did not err in giving plaintiff's first and second instructions. The custom, or rather the method of doing business, was well established. Railway v. Maris, 16 Kas. 333; Railway v. Grocery Co., 55 Kas. 525; Dribble v. Morgan, 7 Fed. Rep. cases No. 3881; Penny v. Railway, 19 Minn. 251; Wilson v. Railway, 66 Mo. App. 388; Mitchum v. Dunlap, 98 Mo. 421. (7) The court properly refused defendant's second instruction as asked and was guilty of no error in amending the same. No proper inspection could be made of a car door without opening it. (8) The court did not err in refusing defendant's third and fourth instructions.

ELLISON, J.—Plaintiff was in the employ of a grocery company in the city of St. Joseph, which commonly received shipments of merchandise over defendant's railway. Just before the accident complained of herein the defendant company notified the grocery company that it had in its yards a carload of goods consigned to it. Whereupon the grocery company ordered plaintiff to go to defendants' yards and inspect the goods. It was shown by plaintiff that this was a duty which he frequently performed and that in this instance he, as usual, applied to defendant's agent for an order or permit for him to inspect the carload in question. That he got of the agent a written permit and not finding a "track clerk" in the yards he proceeded to open the car door for the purpose of inspecting the contents, when it fell from its place and injured plaintiff for which he recovered five hundred dollars in damages. It was shown that it was the custom for plaintiff to open the car himself when he could not find the "track clerk," and that when he did find him, the latter would frequently direct him to go and open the car for himself.

In this instance plaintiff did not find the clerk and proceeded himself to open the car as was his custom in such situation.

Among objections to the result in the trial court is one that the petition does not allege that defendant knew or by exercise of ordinary care could have known of the defective condition of the car. The petition did not contain such specific allegation, but it did allege "that while plaintiff in a careful and proper manner was engaged in an effort to open the door of the car, in order to inspect said merchandise, the door of the car, in consequence of the negligence and carelessness of the defendant in failing to provide and maintain proper, sufficient and safe hinges, fastenings and appliances for holding said door securely on said car and fastening the same, fell," etc. Such an allegation has been held to be an equivalent averment of knowledge or means of knowledge. Crane v. Railway, 87 Mo. 594. In Young v. Shickle Co. (103 Mo. loc. cit. 328), the court, speaking of the Crane case, say that, "an allegation that the defendant negligently furnished an appliance which was defective and unsafe, was equivalent to a statement that the master knew or might have known by the use of ordinary care, of the dangerous and defective character of the appliance."

Defendant contends that there is no evidence that the car door was defective. While there might be some ground for the statement that there was no direct evidence specifying the defects, yet there was abundant evidence establishing facts from which an inference of defects was bound to follow. The accident itself was of such a nature as to demonstrate the faulty condition, *res ipsa loquitur*. Blanton v. Dold, 109 Mo. 74; Gallagher v. Edison Co., 72 Mo. App. 576; Houston v. Brush, 66 Vt. 331, 342.

Among instructions for the plaintiff was one informing the jury that in order for the defendant to free itself from liability on the ground that it did inspect the car and failed to discover defects, the burden was on the defendant to show that it made a proper inspection

which was reasonably well calculated to discover the defects. We do not see any objection to the instruction. We consider that when a prima facie case was made out against defendant, it then devolved upon it to exculpate itself by a showing of some matter which would avoid liability. Sharp v. Railway, 114 Mo. 101, and cases cited. This rule is nothing more than requiring each party to present his respective side for the consideration and determination of the jury.

There was given for the plaintiff two instructions bearing upon the custom of the grocery company to have goods inspected, which were consigned to it as these were, and of the right of the company to do so. The objection to them is based on the assertion that there was no evidence to support them. The record does not bear out defendant's contention. There was ample evidence in that behalf.

An instruction was refused, as offered by defendant, in which it was declared, without qualification, that it did not appear that any duty rested upon defendant to break the seal of the car in order to inspect it. The court amended the instruction as asked, by adding thereto the words, "unless the jury believe such was necessary or proper in order to properly inspect the door of said car." Without the amendment there was no question left for the jury. With the amendment, it was left to the jury to say whether the matters presented made up a case of negligence on the part of defendant. It has been, and is, the rule in this State that it is the duty of the railroad company to inspect its cars, even though received from other companies, to see that they are reasonably safe for those who are required to go about them. And our holding is that taking this case in its entirety as it is shown to be by the evidence, the question of the defendant's proper inspection of the car and the nature of that inspection were matters for the jury and were properly submitted.

There were some other objections made, but it is believed that what has been already written covers those necessary to notice.

The judgment will be affirmed. All concur.