## CHRIST. FASSBINDER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 24, and November 4, 1907.

NEGLIGENCE: Defective Car: Injury to Leader: Demurrer to Evidence: Contributory Negligence: Petition. The evidence relating to the injury of the servant of a gravel company by reason of a defect in the brake of a car which the defendant furnished the gravel company for the plaintiff to load, is reviewed, and it is held:

1. That the evidence regarding plaintiff's negligence was sufficient to go to the jury.

2. The case could not be taken from the jury on account of plaintiff's contributory negligence.

3. The petition was not defective in failing to charge the defendant could have known the defect in the car by the use of ordinary care, since it averred the negligent furnishing of the defective car.

Appeal from Cole Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*Martin L. Clardy* and *John Cashman* for appellant.

(1)   The petition is fatally defective in that it fails to charge that defendant knew or by the exercise of ordinary care might have known of the defective condition of the brake complained of.   Ancient, indeed, but still alive and active are the authorities, to this effect.   McDermott v. Railroad, 30 Mo. 115; Current v. Railroad, 86 Mo. 63; Obert v. Dunn, 140 Mo. 485; Corbett v. Railroad, 26 Mo. App. 628; Herbert v. Shoe Co., 90 Mo. App. 310; Howard v. Railroad, 173 Mo. 524; Franklin v. Railroad, 97 Mo. App. 482; Elliott on Railroads, 67 Mo. 272;   Covey v. Railroad, 86 Mo. 635.   (2)   There was   a   total   failure   of   proof   in   this   case.   The naked . proof   that   the   brake   was   defective   is wholly insufficient to establish a right of recovery by plaintiff.   Franklin v. Railroad, 97 Mo. App. 482; Hester v. Packing Co., 84 Mo. App. 454; Watson v. Coal Co., 52 Mo. App. 366; Herbert v. Shoe Co., 90 Mo. App. 310; Howard v. Railroad, 173 Mo. 524; Burns v. Railroad, 129 Mo. 53; Railroad v. Kavanaugh, 163 Mo. 58; Williams v. Railroad, 119 Mo. 316; Elliott v. Railroad, 67 Mo. 272; Breen v. Cooperage Co., 50 Mo. App. 202.   (3) The burden was upon the plaintiff to prove that the brake was defective and that defendant knew of the defect, or that it was of such character and existed for such length of time that by the exercise of ordinary care defendant would have discovered it in time to have repaired it.   Franklin v. Railroad, 97 Mo. App. 482; Thompson on Negligence, sec. 1053; Pierce on Railroads, 382; Wood on Master and Servant, secs. 368, 382. (4)  Plaintiff's first instruction is erroneous.   Franklin v. Railroad, 97 Mo. App. 482; Current v. Railroad, 86 Mo. 63; Howard v. Railroad, 173 Mo. 524; Nugent v. Milling Co., 131 Mo. 241; Elliott on Railroads, 67 Mo. 272. (5) The court erred in refusing to give defendant's instructions B, C, D, E. F, G and H.   These instructions were proper under the pleadings and evidence.

Black v. Railroad, 172 Mo. 171, 177; Jackson v. Railroad, 104 Mo. 448. (6) The court erred in refusing defendant's instruction in the nature of a demurrer to plaintiff's evidence, and again in refusing a like instruction at the close of all the evidence. Wray v. E. L. & P. Co., 68 Mo. App. 390; Sparks v. Railroad, 31 Mo. App. 114; Marshall v. Hay Press Co., 69 Mo. App. 256; Davis v. Railroad, 159 Mo. 1; Williams v. Railroad, 119 Mo. 316; Hudson v. Railroad, 123 Mo. 445; Sindlinger v. Kansas City, 126 Mo. 315; Nugent v. Milling Co., 131 Mo. 241; Howard v. Railroad, 173 Mo. 525; Caldwell v. Railroad, 181 Mo. 455; Hogan v. Railroad, 150 Mo. 36; Moore v. Railroad, 176 Mo. 545; Tanner v. Railroad, 161 Mo. 497; Van Bach v. Railroad, 171 Mo. 338; Guyer v. Railroad, 174 Mo. 344.

*M. P. Belch, Conrad Waldecker* and *W. S. Pope* for respondent.

(1) Plaintiff's petition states a cause of action. Failure to demur or move to make more definite and certain, the filing of an answer and an amended answer by defendant cures defects in this case, if any. Tateman v. Railroad, 96 Mo. App. 448; Sykes v. Railroad, 178 Mo. 693. (2) The evidence in this case establishes the liability of defendant to plaintiff, an employee of gravel company, to which defendant furnished cars to be loaded by the gravel company's employees. Roddy v. Railroad, 104 Mo. 234; Young v. Oil Co., 185 Mo. 634; Sykes v. Railroad, 178 Mo. 712; Appel v. Eaton & Prince Co., 97 Mo. App. 435; Frank v. Transit Co., 99 Mo. App. 332. (3) If cars were put upon switch in good order or under such circumstances as would induce defendant to believe they were in proper condition, the knowledge of that fact was peculiarly within the knowledge of defendant's employees and failure to introduce such proof is sufficient evidence to submit that

question to the jury. Hornstien v. Railroad, 97 Mo. App. 277. (4) The broken brake was the immediate and proximate cause of the injury to defendant, and the action of the trial court, the verdict of the jury and the judgment in this case is supported by the following cases in addition to those already cited. Seeger v. Silver Co., 193 Mo. 400; Moore v. Transit Co., 193 Mo. 411; Parker v. Transit Co., 108 Mo. App. 465; Newcomb v. Railroad, 169 Mo. 409; Hipsley v. Railroad, 88 Mo. 352; Wood v. Railroad, 181 Mo. 444; Butts v. Bank, 99 Mo. App. 171; Redmon v. Railroad, 181 Mo. 1.

JOHNSON, J. — Action for personal injuries charged to have been caused by the negligence of defendant. Plaintiff recovered judgment in the sum of $2,500. The injury occurred on March 7, 1905, while plaintiff was working as a common laborer in the service of a gravel company at Osage City, a point on the line of defendant's railroad. At the request of this company, defendant had placed two empty coal cars on a switch track contiguous to the gravel beds, and these were being loaded with gravel for shipment over defendant's road. It appears that frequently in loading a car it was necessary to shift its position on the track, as cars were not always switched by defendant to the most accessible point.

One of the two cars mentioned had been partly loaded and the workmen of the gravel company who were doing that work found it necessary to move it a distance equal to about half its length in order to complete the loading. The track at this point was on a slight incline. The witnesses differ about the location of the car with respect to the spot to which it was desired to move it. Some of them say it was necessary to move it up grade, while others testify that the required movement was down grade. Plaintiff states that he was called by the workman in charge to assist in moving the

car up grade. He provided himself with a crowbar and, using it as a lever, "pinched" the car forward, while his fellow laborer, at each advance thus made prevented a retrograde movement by blocking the opposite wheel with a piece of wood. In the operation of "pinching" the end of the crowbar is thrust between the wheel and the rail and by lifting the free end, the operator slowly moves the load. Plaintiff, while thus operating the crowbar, stood astride the rail, and when the desired point was reached, called to another laborer who was on the car to set the brake and, while compliance with the request was being attempted, endeavored to hold the car stationary. The brake was out of order, and after the brakeman had vainly tried to set it, the weight of the car suddenly overcame the resistance offered by plaintiff's crowbar and he was violently thrown across the rail in such manner that one of the wheels of the car passed over his leg and crushed it. It appears that one of the appliances which was a component part of the brake was missing, and that the defect existed at the time defendant furnished the car to the gravel company. Neither plaintiff nor the laborer who attempted to set the brake knew of the existence of this defect, nor was it a thing that could be seen by the opportunity afforded them in the performance of their duties. The negligence charged in the petition is "that defendant furnished the said gravel company with cars on its side track on the northerly side of its main line and the said track upon which the cars were furnished extended down to the bank of the Osage river, and the grade was downward from the place where the cars were to be moved by hand along said grade by the empoyees of the gravel company to the places at which it would be convenient to load them, of all of which defendant had notice, and it was the duty of defendant to furnish cars with safe brakes in good repair and working order, and sufficient in all respects to control the movement of the cars, and

stop the same when required, the grade considered, while being moved by the employees of the gravel company, by hand, and without the aid of power or appliances, other than ordinary crowbars in their hands, which the said defendant negligently and carelessly failed to do; that on the 7th day of March, 1905, plaintiff and other employees and laborers of the gravel company were moving one of the cars aforesaid, that was partially loaded, to a point where it was necessary to move it in order to complete the loading thereof, and while in the ordinary necessary discharge of their duties as such laborers and employees of the said gravel company, and believing that the brakes on said car were safe, in good condition and sufficient to control the same and stop it when desired by applying the brakes, they moved the car to the point where it was necessary to stop it and called upon the brakeman, who was on the car and in charge of the brakes, to stop the same and he attempted to do so, but could not on account of the car not being furnished with good, safe and sufficient brakes, and on account of the said brakes being broken and out of order and insufficient to stop the car; that by reason of the defective, broken and insufficient brakes on said car and the negligence and carelessness of defendant in not furnishing its said car with proper and safe brakes, the plaintiff and others engaged in handling the car lost control thereof," etc.

The answer, in addition to a general denial, presents the plea of contributory negligence. At the conclusion of the evidence, defendant asked the court to instruct the jury to return a verdict in its favor, and now contends that it was error to refuse the instruction. The facts we have stated are those most favorable to plaintiff, and in discussing the demurrer to the evidence, they must be accepted as the facts of the case, since we find them to be supported by substantial evidence.

Though plaintiff sustained no contractual relation with defendant but was the servant of the gravel company, defendant, knowing that servants of that company might find it necessary to shift the position of cars in loading, owed them the duty of exercising reasonable care to avoid furnishing cars equipped with defective appliances, and on the hypothesis which reasonably may be entertained from the facts in evidence that the brake in question was defective, that the defect was the direct cause of the injury and that its existence was known or should have been known to defendant in time to have repaired it had reasonable care been observed, a cause of action accrued to plaintiff from the negligence of defendant that could not be defeated except on the further finding that plaintiff himself was guilty of negligence which contributed to the production of his injury. The essential elements of a cause of this character are the same as those belonging to the action of a servant against his master for the negligent breach of the duty to employ reasonable care to provide reasonably safe appliances for the use of the servant. [Roddy v. Railway Co., 104 Mo. 234; Young v. Waters-Pierce Oil Co., 185 Mo. 634; Casey v. Bridge Co., 114 Mo. App. 47; Sykes v. Railway, 178 Mo. 693; Appel v. Eaton & Prince Co., 97 Mo. App. 428; Frank v. Transit Co., 99 Mo. App. 323.] The facts in evidence most favorable to the cause of action asserted tend to establish the negligence of defendant under the rule stated and that plaintiff's injury was the direct result of that negligence.

It is argued by defendant that the action must fail because plaintiff in law was guilty of contributory negligence. The trouble with this argument is that it depends for support on defendant's theory of the facts which, for the purpose of a demurrer to the evidence, must be discarded. Assuming that plaintiff was slowly moving the car up grade in the manner described, we

cannot say, as a matter of law, that it was negligence for him to bestride the rail instead of standing to one side, or that the latter position would have been less dangerous; nor can we say that plaintiff had the choice of a less dangerous method of doing the work than that employed. Indeed, we cannot see how the car could have been moved in any other manner by hand power, which was the only power available. The classification of plaintiff's conduct was an issue of fact which the court properly submitted to the jury in the instructions given.

Further, it is contended that "the petition is fatally defective in that it fails to charge that defendant knew or by the exercise of ordinary care might have known of the defective condition of the brake complained of." The petition does not contain such specific allegation, but the facts pleaded bring the case within the rule followed in Tateman v. Railway, 96 Mo. App. 448, which is thus expressed in Young v. The Shickle, H. & H. Iron Co., 103 Mo. l. c. 328: "An allegation that the defendant negligently furnished an appliance which was defective and unsafe was equivalent to a statement that the master knew, or might have known by use of ordinary care of the dangerous and defective character of the appliance."

The demurrer to the evidence was properly overruled.

A careful examination of the instructions given convinces us that none of the objections to them is well taken. Other points raised are sufficiently answered in what has been said. The record is free from error, and it follows that the judgment must be affirmed. All concur.