## HUDSON et al. v. MOONIER.*
### No. 10898.

Circuit Court of Appeals, Eighth Circuit.
March 6, 1939.

Rehearing Denied March 21, 1939.

*Writ of certiorari denied 59 S.Ct. 1037, 83 L.Ed. —.

Conforming to opinion of the Supreme Court, 304 U.S. 397, 58 S.Ct. 954, 82 L.Ed. 1422.

James C. Jones, Jr., of St. Louis, Mo. (Lon O. Hocker and Arnot L. Sheppard, both of St. Louis, Mo., N. L. Beck, of Chicago, Ill., and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellants.

Roberts P. Elam, of St. Louis, Mo. (Mark D. Eagleton and Eagleton, Waechter, Yost, Elam & Clark, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Moonier, as plaintiff, brought this action to recover damages for personal injuries alleged to be the result of the negligence of defendants. He was struck by a truck owned and leased by the defendant Fitch to A. Guthrie & Co., Moonier's employer, and driven by defendant Hudson. The case was tried to a jury and a verdict was returned for the plaintiff upon which the judgment appealed from was entered. The judgment was affirmed by this court. Hudson et al. v. Moonier, 8 Cir., 94 F.2d 132. The Supreme Court granted certiorari, reversed the judgment and remanded the case to this court for further proceedings on the ground that this "court treated the question of the liability of the lessor as one of general law" whereas we "should have applied the law of Missouri where the injury occurred." Hudson et al. v. Moonier, 304 U.S. 397, 58 S.Ct. 954, 82 L.Ed. 1422.

Under the mandate of the Supreme Court we are called upon to reconsider only the law applicable to the liability of the lessor of the truck, Fitch. Upon all other points our former decision is final. The facts are stated in detail in our former opinion, 94 F.2d 132. We shall recite here only the facts necessary to understand the question to be determined.

The ground of negligence charged and relied upon is that Fitch permitted the truck to be operated without proper equipment, in that it had no horn or signalling device. The defense is that Fitch owed to the em-

ployees of the Guthrie Company no duty to maintain the truck in a reasonably safe condition of repair.

The decision hinges upon the legal relations, under the Missouri law, of the parties at the time the injury occurred. The Guthrie Company was engaged in the construction of a highway under a contract with the Missouri State Highway Commission. In the grading operations several trucks were used, and along the way over which the trucks passed about 100 employees were working. Moonier, referred to as a subgrader, was one of these employees working with a shovel. While at work where his duties required him to be on December 4, 1933, along the edge of the roadway over which the trucks were passing Moonier was struck by the truck driven by Hudson, because for want of a horn or other signalling device on the truck Hudson was unable to give any warning that he was compelled to divert the course of the truck out of the roadway in the direction of Moonier.

The trucks used by 'the Guthrie Company, including the truck driven by Hudson, were owned by Fitch. On October 16, 1933, he entered into a written contract of lease with the Guthrie Company for use of his trucks in the performance of this particular contract with the highway commission. The lease contract provided that

"During the rental period the Lessor will maintain the trucks in good working order and pay all costs of repairs and tires, but the Lessee will at its own expense furnish all required gasoline and lubricants and competent drivers.

"Rental Period: The rental period shall be for the time the Lessee requires the use of the trucks herein listed, for the work described above.

"Rental Rate: The Lessee will pay the Lessor $1.15 per truck hour worked for hauling batches. Time worked shall be computed as the time paving mixer is in operation during shifts on which trucks are working, less time, if any, trucks are not operating because of breakdowns."

Fitch employed a mechanic to keep the trucks in repair, and they were delivered to the mechanic every evening and taken on the work again the following morning. Fitch through his agent the mechanic had actual or constructive notice of the absence of a horn on the truck driven by Hudson for a sufficient length of time prior to the accident to have repaired it, but failed to do so.

The specific question for consideration is whether under Missouri law Fitch owed any duty "to maintain the trucks in good working order" to the employees of Guthrie, the number of whom and the nature of whose employment were well known to him. It is not claimed that Moonier was a party to the contract between Fitch and Guthrie, nor that the relation of master and servant existed between Fitch and Moonier. The duty, if it existed, is one implied in law.

■ An action for damages for negligence is based upon a failure to exercise reasonable care in the doing of an act affecting some right of another. The act may be one of omission or of commission. Actionable negligence consists in the breach or non-performance of some legal duty which the party charged with the negligent act or omission owes to the one suffering loss or damage thereby. The duty may be imposed by statute or by common law. These principles are elementary.

■ Under Missouri law a third party has no right to maintain an action for injuries resulting from a breach of contract between two contracting parties. Roddy v. Missouri Pac. Ry. Co., 104 Mo. 234, 15 S. W. 1112, 1114, 12 L.R.A. 746, 24 Am.St. Rep. 333; Glenn v. Hill, 210 Mo. 291, 299, 109 S.W. 27, 16 L.R.A.,N.S., 699; Kohnle v. Paxton, 268 Mo. 463, 188 S.W. 155; Lahtinen v. Continental Bldg. Co., 339 Mo. 438, 97 S.W.2d 102, 107.

In the last cited case it is said: "The violation of a contract will not, as such, furnish a basis for liability in tort, but the act which violates the contract may be a negligent one which creates such liability."

■ Fitch's breach of his lease contract to repair the truck driven by Hudson in and of itself and considered only as a contract of lease gave Moonier no right of action for injuries resulting from that breach. Such right, if it existed, had other foundation.

We need not burden this opinion with a discussion of all the distinctions between duties resulting from breach of contract and tort; nor with the duties of manufacturers and repairmen to third parties. A consideration of some of these rules will be found in our former opinion in this case. 94 F.2d 132. There are three aspects of the situation here presented which, as we understand Missouri law, are distinguishing and controlling.

■ First, it is settled in Missouri that when a party undertakes (whether motivated by a contractual obligation or by any other reason) to furnish a construction, building or manufacturing contractor with the instrumentalities and appliances used in the performance of the contract, and such party retains control over them for the purpose of keeping them in repair, "he owes to the contractor and his employes the duty of care in respect to such matters over which he retains control, or undertakes to perform." Roddy v. Missouri Pac. Ry. Co., supra, 15 S.W. page 1115 and cases cited; Jewell v. Sturges, 245 Mo. 720, 151 S.W. 966; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W.2d 122; Fassbinder v. Missouri Pac. R. Co., 126 Mo.App. 563, 104 S.W. 1154; Loehring v. Westlake Const. Co., 118 Mo.App. 163, 94 S.W. 747. Here Fitch undertook to keep the trucks in repair, as shown by the contract; and he retained control over them for that purpose, as disclosed by both the contract and the other testimony. Upon this angle of the case the contract of lease is evidence only of the legal relations existing between Fitch on the one hand and the Guthrie Company and its employees on the other and of the duty imposed by law arising out of that relation. It is not set out for the purpose of showing that its obligations have been broken. See Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co., 1 Cir., 240 F. 573, 579; Franceschi v. De Tord, 1 Cir., 71 F.2d 95, 98, 99.

■ A second aspect of the situation is that after the contract of lease had been entered into the construction of the highway could not proceed unless both Fitch and the Guthrie Company performed their obligations under it. The trucks in a good state of repair were essential instrumentalities in the construction work. Drivers of the trucks and a numerous body of employees working with hand tools were equally necessary. Fitch furnished the one for compensation and the Guthrie Company the other. Only as the work progressed was there profit for either. In this sense their respective contributions to the building of the highway were supplemental, and to this extent they were engaged in a joint undertaking. Upon this point the case is analogous to the Roddy case, supra, in which the Supreme Court of Missouri said in language equally applicable here: "each of these contracting parties owed to the other and his employes the duty of properly discharging his part of the joint undertaking."

15 S.W. page 1115. In the same case it was said that "While the relation of master and servant did not exist between these parties, defendant owed to plaintiff the observance of reasonable care in the selection of its cars for his use, which is the same degree of care the master is required to observe in providing his servant with the instrumentalities for carrying on his business." In the present case it is conceded by appellant that "The Guthrie Company, as appellee's employer, owed him the duty of exercising ordinary care to furnish him a reasonably safe place to work and reasonably safe equipment around which to do his work." Under the legal relations resulting from all the circumstances Fitch owed him the same duty.

■ In the third place, a still broader ground of liability than the two stated above is found in the Missouri law. It is: That in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or the lives of one or more persons, known or unknown, the law, ipso facto, imposes as a public duty the obligation to exercise care and skill.

In the case of McLeod v. Linde Air Products Co., supra, the Supreme Court of Missouri applied this rule to injuries resulting from the explosion of an oxygen tank. In applying the rule the court observed that in the early cases it was applicable only to things in their nature destructive, such as poisons, explosives, and deadly weapons; but, the court said, we think the rule "should be extended to include 'a thing which when applied to its intended use becomes dangerous,' although not inherently so." [318 Mo. 397, 1 S.W.2d 126.] In the case of Young v. Waters-Pierce Oil Co., 185 Mo. 634, 84 S.W. 929, it was applied to impose liability upon the oil company for injuries resulting to a trainman from collision with a pipe placed too close to the right of way by the oil company. In Ryan v. St. Louis Transit Company, 190 Mo. 621, 89 S.W. 865, 2 L.R.A.,N.S., 777, it was extended to include liability for an injury to an employee of a contractor who came in contact with an insufficiently insulated wire charged with electricity. In all these cases the Missouri court followed the decision in Van Winkle v. American Steam-Boiler Co., 52 N.J.L. 240, 19 A. 472, in which the New Jersey court applying this rule held the insurance company liable to a third person for injuries resulting from negligence in inspecting a steam boiler.

It can not be said that a motor truck without a horn or other signalling device is inherently dangerous; but dangerous situations are relative. Neither are locomotives, street cars nor automobiles dangerous per se when standing still or when operated in places where there is no other traffic. But all these rapid moving and heavy vehicles become highly dangerous when operating without some signalling device, or when defective in any way, in places where human life is exposed to contact with them. The situation in the present case was one of peculiar danger. Several trucks were required to be operated over a comparatively short and narrow way where 100 or more men were working. All these circumstances were known to Fitch when he undertook to furnish the trucks and to maintain them in repair. Under the rule under consideration, as applied by the Missouri courts, he owed to the Guthrie Company employees the duty to exercise reasonable care in keeping the trucks in repair. A negligent breach of that duty created liability for resulting injuries.

For all these reasons the judgment must be and it is affirmed.