Joseph POLOVICH, Plaintiff-Respondent,

v.

Herbert W. SAYERS and Thirza M. Sayers and Herbert W. Sayers and Thirza M. Sayers, d/b/a Sayers Brook Orchard, Defendants-Appellants.

No. 51442.

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

Heege & Heege, Clayton, for appellants.

George R. Gerhard, Harold L. Satz, Theodore D. Ponfil, Satz & Ponfil, St. Louis, for respondent.

FINCH, Judge.

Plaintiff obtained a judgment for $60,-000 for personal injuries and defendants appeal.

█ The appeal as presented to us involves only the question of whether plaintiff made a submissible case. In determining this issue, we consider the evidence in the light most favorable to plaintiff, including the benefit of favorable inferences reasonably to be drawn therefrom, as repeatedly announced in cases decided by this court. Brown v. Wooderson, Mo., 362 S.W.2d 525, 99 A.L.R.2d 894; See v. Wabash R. Co., 362 Mo. 489, 242 S.W.2d 15.

Defendant Herbert W. Sayers owned and operated a 1600-acre orchard near Potosi, Missouri. His wife, the defendant Thirza M. Sayers, acted as manager and at least when he was not personally present could give orders on behalf of her husband. On the day when plaintiff was hurt, Sayers was elsewhere on the orchard tract. With reference to events on the day in question, a portion of a deposition of Mr. Sayers, wherein he stated that his wife in her capacity as manager would have been the one on that occasion to have given directions, was introduced as an admission against interest.

Mr. Sayers contracted from time to time with Harry Strayer, an independent contractor, to do various construction and maintenance jobs on his orchard. On the date in question, Strayer was constructing a parking lot adjacent to a lake on the orchard property. The work was done on a cost plus basis and as a part of the agreement Strayer could use, as needed, any of the orchard equipment. Included was a 1949 Dodge truck which was used in connection with the orchard.

Plaintiff and one Kenny Gamble, both employees of Harry Strayer, were working on the new parking lot. On the day plaintiff was hurt, he picked up Gamble in the morning and took him to a quonset hut on the orchard property where the 1949 Dodge truck was stored. Plaintiff then went on over a hill and down to the lake where the parking lot was being constructed. Gamble followed with the Dodge truck. The terrain was hilly and in some places the roads in the orchard were on a grade of as much as 10 per cent. After Gamble passed the crest of the hill enroute from the quonset hut to the lake site, he applied the foot brake on the Dodge truck but the brake pedal went to the floor and the foot brake would not work. Gamble succeeded in stopping the truck with the emergency brake, and then, keeping the truck in low gear, eased the truck down the hill to the lake site.

Harry Strayer, the contractor, arrived at the lake shortly thereafter and Gamble talked to him and told him that the brakes on the Dodge truck were out. The evidence most favorable to plaintiff did not show that plaintiff heard this conversation or was made aware of the condition of the brakes on the truck.

At about 9:00 a.m., Harry Strayer talked to Mrs. Sayers at the quonset hut. As previously indicated, Mr. Sayers was elsewhere on the orchard tract and was not present at this conversation. An employee of the orchard, Clinton Ayers, was present and heard the conversation. Strayer reported to Mrs. Sayers that brake fluid was needed for the truck. Admissions against interest offered from Mr. Sayers' deposition disclosed that Mr. Ayers was his maintenance man. He made whatever repairs were needed on the truck at the orchard and it would have been his business to add brake fluid as needed in the truck. A statement of Mrs. Sayers from her deposition, offered in evidence as an admission, recited that they kept brake fluid on the farm for any piece of equip-

ment. When Mrs. Sayers was asked whether she informed Mr. Ayers about the fact that brake fluid was low, she gave this testimony:

> "QUESTION: When you were informed that the brake fluid was low on this did you get hold of Mr. Ayers and tell him to fix them, fix the fluid in this 1949 Dodge truck?
>
> "ANSWER: He was there.
>
> "QUESTION: He was there?
>
> "ANSWER: He heard it when I did.
>
> "QUESTION: He was there with you and Mr. Strayer?
>
> "ANSWER: Yes."

Mrs. Sayers did not ask or direct Strayer not to use the truck.

When plaintiff and Kenny Gamble finnished setting posts for the guardrail for the parking lot, Strayer told plaintiff to measure for lumber needed for a bumper guard. Meanwhile, Strayer and Gamble went to work on the boat dock. As plaintiff walked away to make the necessary measurements, Strayer and Gamble were walking in the other direction. Plaintiff heard brakes mentioned but did not hear any other details.

After plaintiff completed measurements for the bumper guard, he and Gamble got in the Dodge truck to go and get the material needed. This was at approximately 1:30 p.m. Plaintiff asked Kenny Gamble what he had heard mentioned about brakes, and Gamble told him that the brakes were all right except that he had to pump them a couple of times and that the emergency brake was fine. The evidence favorable to plaintiff does not disclose knowledge on the part of plaintiff of any information about the brakes other than that related to him at the time by Kenny Gamble.

Gamble drove the truck and as they crested the hill the truck was in low gear. As they started down from the crest Gamble applied the foot brake but it did not hold or slacken the speed of the truck at all. Plaintiff pulled the emergency brake but it had no effect. The truck speeded up and was freewheeling and as it crossed a cattle guard in the road it went out of control, side-swiped a culvert and ran into a tree. Plaintiff received very serious injuries.

The case was submitted against Mr. Sayers on the theory that he breached a duty to use due care in keeping the truck in repair and in failing to fix the brakes when he knew they were defective, and was submitted against Mrs. Sayers on the theory that as the managing agent for her husband she also owed plaintiff this duty of repair and was negligent in failing to repair the brakes which she knew were defective. Defendants' brief asserts on behalf of both defendants the failure of plaintiff to make a submissible case on the grounds which we shall discuss.

■ Defendants first contend that the trial court erred in failing to sustain their motion for a directed verdict at the close of plaintiff's case. That motion was waived by the action of the defendants in presenting evidence thereafter, and hence we have for review only the action of the court in overruling the motion for a directed verdict at the close of all the evidence. Snead v. Sentlinger, Mo., 327 S.W.2d 202.

■ We hold that the evidence was sufficient to make a submissible case against the defendants. The Dodge truck belonged to Sayers and he had possession of it except when it was used temporarily by Strayer on such occasions as the one here involved in which Gamble picked up the truck that morning to do some hauling in connection with construction of the parking lot. Maintenance and repair of the truck was the owner's responsibility. As Gamble was driving the truck from where it was stored to the site of the parking lot, the foot brakes failed to work.

This was related to Mrs. Sayers and the defendants' maintenance man at 9:00 a.m. Under the facts, notice to Mrs. Sayers constituted notice to Mr. Sayers. Although the truck was not used again until approximately 1:30 p.m., Clinton Ayers, the maintenance man, did not add brake fluid to the brakes on the truck. The brakes failed again when Gamble started down the slope on the other side of the hill and the collision with a tree resulted.

This is not a situation where a bailor leases to bailee a vehicle which is in satisfactory condition at the time of delivery and bailor has no responsibility to maintain and repair the vehicle while it is leased. Here, bailor was responsible for repair and maintenance at all times. The brakes failed as Gamble drove the truck from the place where it was stored. Defendants were notified promptly of this deficiency. The defendants' maintenance man was present and heard the report, but defendants did nothing in the four and one-half hours which elapsed before the truck was used again. Under those facts, the plaintiff made a submissible case.

The case of Hudson v. Moonier, 8th Cir., 102 F.2d 96, is in point. In that case the U. S. Court of Appeals, applying Missouri law, held that an employee of a road contractor could recover for personal injuries from a firm which leased trucks to the road contractor for use on a highway construction job. Under the lease agreement, lessor was to maintain the trucks in good working order. The horn was missing from one of the trucks for a sufficient time for lessor's mechanics to have replaced it. Plaintiff was struck and injured by the truck as it was driven by another employee of the road contractor. The accident occurred because the driver was unable to warn plaintiff when he was compelled to divert the truck off of the roadway and in the direction in which plaintiff was working. At page 99 the court said: "First, it is settled in Missouri that when a party undertakes (whether motivated by a contractual obligation or by any other reason) to furnish a construction, building or manufacturing contractor with the instrumentalities and appliances used in the performance of the contract, and such party retains control over them for the purpose of keeping them in repair, 'he owes to the contractor and his employes the duty of care in respect to such matters over which he retains control, or undertakes to perform.' Roddy v. Missouri Pac. Ry. Co., supra, [104 Mo. 234,] 15 S.W. [1112] page 1115 and cases cited; Jewell v. Sturges, 245 Mo. 720, 151 S.W. 966; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W.2d 122; Fassbinder v. Missouri Pac. R. Co., 126 Mo.App. 563, 104 S.W. 1154; Loehring v. Westlake Const. Co., 118 Mo.App. 163, 94 S.W. 747." The court concluded that the lessor of the trucks owed employees of the road contractor a duty to exercise reasonable care to keep the trucks in repair and was liable for injuries resulting from a breach of that duty.

Defendants assert that Blankenship v. St. Joseph Fuel Oil & Mfg. Co., 360 Mo. 1171, 232 S.W.2d 954, is applicable and that under the ruling therein a third person such as plaintiff may not recover against bailor for negligence on account of a defect known to bailee. The Blankenship case is factually different and does not govern the result here. Blankenship was an employee of a contracting firm which had a contract to resurface a street with oil and rock. The contractor leased a street sweeping machine from defendant oil company. The contractor took possession and control of the sweeper on an "as is" basis and was to maintain and repair it. Defendant oil company assumed no responsibility for the sweeper after it was leased.

The sweeper had a chain and sprocket assembly which operated the broom which swept the street. This assembly was located between the platform where the operator stood and one of the rear wheels. It was not covered or protected in any way and had

not been for at least two years when it had been leased by the contractor the first time. While Blankenship was riding on the platform as the operator, the sweeper lurched or hit something and Blankenship was thrown off balance and into the sprocket assembly, resulting in injuries for which he sued. Under those facts, the court held that the defendant oil company had only the duty to furnish bailee with a sweeper reasonably fit for its intended use. No breach of any duty or negligence of any kind by the oil company was shown. In addition, the court pointed out that this was not a hidden defect but that the unguarded condition of the sprocket was obvious and one which plaintiff could observe. It is of interest to note that the court in Blankenship approved of Hudson v. Moonier, supra, but simply held it was distinguishable on the facts.

Defendants made the further contention that use of the defective truck by Strayer, an independent contractor, with knowledge of its condition, was the proximate cause of the accident and injuries and that the negligence of the defendants, if any, was too remote to be the proximate cause. While defendants do not use the term, it appears that they are asserting that Strayer's act in having the truck driven with knowledge of its defective brakes was an efficient, intervening cause. "Generally, an efficient, intervening cause is a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury but it may not consist merely of an act of concurring or contributing negligence. Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 286 S.W.2d 820, 824[3]." King v. Ellis, Mo., 359 S.W.2d 685, 688.

■ Here it is not claimed that Gamble was negligent in the actual operation of the truck. The alleged intervening cause was the negligent act of Strayer in directing use of the truck when he knew it had defective brakes. In our judgment, this act of

Strayer was contributing or concurring negligence but was not an efficient, intervening cause which would excuse defendants and cause their acts not to be the proximate cause of the accident. "One whose negligence combines and concurs with that of another, or even with an independent intervening cause, to produce injury to another, is liable. Christiansen v. St. Louis Public Service Co., 333 Mo. 408, 62 S.W.2d 828; Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 748, 286 S.W.2d 820. As stated in Dickerson, at loc. cit. 824: 'If some injury is reasonably to be anticipated or is reasonably probable as a result of the defendant's act of negligence, then the added act of a third person, though he also be negligent, does not break the chain of causation and defendant is liable; in such event the act of the third person is mere concurring negligence.'" Price v. Seidler, Mo., 408 S.W.2d 815, 821.

The act of Strayer in using the truck did not break the chain of causation between the defendants' negligent conduct and the accident which occurred. Defendants' conduct remained a substantial factor in causing plaintiff's injury. Without it, the action of Strayer would not have caused the accident in question. It is to be noted that in Hudson v. Moonier, supra, the act of the road contractor in using the truck without a horn did not excuse the lessor for its negligence in failing to repair the truck. It was merely concurring negligence, and the failure to repair was the proximate cause of the accident. We hold that the negligence of defendants in breaching this duty to repair was the proximate cause of plaintiff's injury.

■ Defendants also claim that the evidence conclusively established that defendants did not have time to repair the truck. We do not agree. Defendants' repairman was present and heard firsthand the information about the need for brake fluid in the truck. An admission against interest read into the record from the deposition of

Mrs. Sayers was to the effect that brake fluid for all equipment was kept on the farm. At the trial, she testified to the contrary and stated that they did not have brake fluid on the orchard that day, but this did not conclusively establish that fact. It would have been a question for the jury to determine. Furthermore, the evidence disclosed that the orchard was only 13 miles from Potosi and there was a four and one-half hour lapse of time between notification to the defendants and use of the truck on the trip on which the accident occurred. We rule this contention against defendants.

 Finally, defendants assert that plaintiff knew that the brakes were defective and assumed the risk and was contributorily negligent as a matter of law. In this connection, defendants really argue sufficiency of the evidence because they talk of evidence to the effect that Strayer mentioned the condition of the brakes to Kenny Gamble and warned him to be careful when Gamble and plaintiff were seated in the cab of the truck just before starting on the trip on which the accident occurred. For purposes of submissibility, we must look to the evidence most favorable to plaintiff, and that evidence was that this did not occur in the presence of plaintiff and that plaintiff did not know of the defective brakes on the truck, and that the only information he had was that which he received when he asked Gamble what had been said about the brakes and Gamble reported to him that he needed to pump the brakes a couple of times and that the emergency brake was fine. That made a submissible case on the question of knowledge and the question of contributory negligence was an issue for the jury.

We have considered the other authorities cited by defendants in their brief filed herein but are not persuaded that on the facts involved they indicate any result other than the one we reach.

The judgment is affirmed.

All of the Judges concur.