**Lloyd Rex HOLLAND,**
**Plaintiff–Respondent,**

v.

**AMERICAN REPUBLIC INSURANCE COMPANY, Ed Swarmingim and James E. Aubuchon, Defendants–Appellants.**

No. 16189.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 16, 1989.

Jasper N. Edmundson and John R. Hopkins, Jr., Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for defendants-appellants.

W. Robert Cope, Summers, Cope and Walsh, P.C., Poplar Bluff, for plaintiff-respondent.

1. Rule references are to Missouri Rules of Court

JAMES L. EIFFERT, Special Judge.

Plaintiff Lloyd Rex Holland filed an action against all defendants seeking benefits under a policy of health insurance issued by American Republic Insurance Company. Plaintiff's only claim submitted to the jury was against defendant American Republic Insurance Company (Defendant). The jury returned a verdict for plaintiff and against defendant. Defendant appeals.

■ Defendant's first point is that the trial court erred in failing to grant defendant's motion for a directed verdict at the close of plaintiff's case. After having made the motion, defendant presented evidence. Defendant waived its motion for a directed verdict by offering evidence, and the defendant cannot now claim error because the ruling on defendant's motion is not reviewable by this court. *Polovich v. Sayers,* 412 S.W.2d 436, 438 (Mo.1967); *King v. Clifton,* 648 S.W.2d 193, 196 (Mo. App.1983); *Matter of Estate of Mitchell,* 610 S.W.2d 681, 683 (Mo.App.1980). Defendant's first point is denied.

■ Defendant's second point is that the court erred in failing to grant a directed verdict at the close of all the evidence "because there was not an issue to submit to the jury in that no material facts were in dispute; all that remained was the application of the law to those facts." First, we have made a careful reading of the legal file and the transcript and cannot find therein any motion made by the defendant at the close of all the evidence for a directed verdict. "The neglect to move for a directed verdict at the close of all the evidence waives any contention that the plaintiff failed to prove a submissible case...." *Ball v. American Greetings Corp.,* 752 S.W.2d 814, 819 (Mo.App.1988). Second, even assuming that such a motion was made, defendant's second point does not comply with Rule 84.04(d) [1] because it does not tell this court wherein and why the trial court erred. It is a mere abstract statement and does not assist this court in determining the claimed error. *Thummel v. King,* 570 S.W.2d 679, 684–5 (Mo. banc

(20th ed. 1989).

1978); *Biever v. Williams,* 755 S.W.2d 291, 293 (Mo.App.1988). Defendant's point is similar to, if not the same as, that made in the case of *Williams v. Ford Motor Co.,* 411 S.W.2d 443 (Mo.App.1966), wherein the appellant claimed error in the denial of a motion for directed verdict because "plaintiff's testimony did not make a submissible case against said defendant." *Id.* at 449. In *Williams* the court stated that such a point relied on is a mere abstract assertion and does not state why the plaintiff had failed. The court further went on to find that such a statement violated Civil Rule 83.05(e), now Supreme Court Rule 84.04(d). Defendant's second point is denied.

 In its third and final point, the defendant claims error in the submission of a vexatious refusal to pay instruction. The court submitted to the jury an instruction on vexatious refusal to pay. This instruction authorized the jury, should they find in plaintiff's favor and believe that defendant's conduct in refusing to pay was without reasonable cause or excuse, that they could award plaintiff additional damages not to exceed 20% of the first $1,500 of loss and 10% of the loss in excess of $1,500 and a reasonable attorney's fee. The jury verdict for plaintiff awarded no penalty damages but did award the plaintiff $1,500 in attorney's fees. Defendant filed a motion for new trial alleging that the court erred in giving the instruction "as there was no credible evidence to support the giving of said instruction." The trial judge subsequently entered an order finding that said instruction was erroneous and amended its judgment by striking the $1,500 award of attorney's fees.

The defendant's claim is that it was prejudicially harmed by the inclusion of the instruction in that there was no evidence to support such an instruction, and even though the court later withdrew the portion of the verdict covered by the instruction, the defendant was "harmed" by the inclusion of this instruction. Plaintiff contends that defendant preserved nothing for review by this court because the claimed error was not included in the motion for new trial. A review of the motion for new trial reveals that the claim being made before this court was not the same claim made before the trial court. The purpose of the motion for new trial is to allow the court to correct its error. Having failed to point out the alleged error to the trial court, the defendant has not preserved it for review. *Bowman v. Burlington Northern, Inc.,* 645 S.W.2d 9, 13 (Mo.App. 1982); Rule 78.07. Point three is denied.

The judgment of the trial court is affirmed.

CROW, P.J., and GREENE, J., concur.

B.J.H., Petitioner–Respondent,