**Darvin BENTLAGE and Kenneth Bentlage, Appellants,**

v.

**Clinton SPRINGGATE and Melba Springgate, Respondents.**

**No. 16486.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 8, 1990.

Charles M. LeCompte, Springfield, for appellants.

Charles D. Curless, Lamar, for respondents.

PARRISH, Judge.

This is an appeal from the Circuit Court of Barton County. This case was tried before the court without a jury. It proceeded to trial on appellants' amended petition and on respondents' six-count counterclaim. The amended petition sought recovery in Count I for breach of contract; in Counts II and III for fraudulent misrepresentation; and in Count IV for "prima facie tort." [1] Respondents' counterclaim sought recovery in Counts I, II and III for breach of contract; in Count IV for malicious prosecution; in Count V for abuse of process; and sought punitive damages in Count VI.

The causes of action set forth in appellants' amended petition and in respondents' counterclaim arose from business dealings in which appellants rented certain farmlands from respondents. The rental agreement was prepared by respondents without the assistance of an attorney. It provided, in addition to the rental terms, "[i]f either or both of the farm properties are offered for sale by the owners, the renters will be given first priority to purchase at a reasonable market price. Offer to the renters will be direct with no realtor fee involved."

After having rented the farmlands to appellants for four years, respondents decided to sell the property. The farms were listed for sale. About the time the farms were listed, respondents offered to sell them to appellants. Appellants did not purchase the farms. They expressed doubts whether the farms would sell due to poor economic conditions in the Barton County area. The property was eventually sold to other persons. This litigation arose, after the property had sold, over disputes as to delinquent rent owed by appellants and complaints by appellants that they had been wrongfully denied access to the farmlands. The trial court entered judgment in all counts of appellants' petition in favor of respondents and against appellants; and in Counts I and II of respondents' counterclaim in favor of respondents and against appellants and awarded respondents damages in Counts I and II of the counterclaim.

The trial court found for appellants and against respondents on the remaining counts of the counterclaim. This court affirms.

In addition to the briefs of the parties, respondents have filed a Motion to Dismiss Appeal or Alternatively to Affirm Judgment. The issues raised by the motion are considered before addressing the merits of the appeal.

By their motion, respondents contend that appellants have not complied with Rule 84.04(d). They argue that the "points relied on" in appellants' brief do not briefly and concisely state the actions or rulings appellants seek to have reviewed. They contend that the "points relied on" do not state the "wherein and why" upon which appellants base their claim that the trial court committed error.

■ Rule 84.04(d) states, with respect to "points relied on" in appellate briefs:

**(d) Points Relied On.** The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken.

■ In *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978), the supreme court gave the following explanation of the "wherein and why" in points relied on. The court explained the context of Rule 84.04 as follows:

[C]ompliance with these requirements is a matter of common sense if counsel

---

1. For discussion of "prima facie tort" in Missouri see *Wilt v. Kansas City Area Transporta-* *tion Authority,* 629 S.W.2d 669, 672 (Mo.App. 1982).

bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

The "points relied on" in appellants' brief states:

THE TRIAL COURT ERRED IN AWARDING DAMAGES TO RESPONDENTS AGAINST APPELLANTS FOR PAST DUE RENT ON A LEASE WITHOUT OFFSETTING THE DAMAGES BY THE DAMAGE CAUSED BY RESPONDENTS TO APPELLANTS IN BREACHING THE LEASE AND SELLING THE LAND WHEN THE TERM OF THE LEASE STILL HAD ONE YEAR TO GO FORCING APPELLANTS TO BE UNABLE TO FARM THE LAND FOR THE FINAL YEAR ON THE LEASE, AND IN ORDERING UNPAID RENT TO BE PAID BY APPELLANTS TO RESPONDENTS ON THE LAND FOR A FOUR MONTH PERIOD AFTER THE PROPERTY HAD BEEN SOLD AND THE NEW OWNERS HAD TAKEN POSSESSION, AND APPELLANTS HAD BEEN ORDERED OFF THE LAND; IN FAILING TO FOLLOW THE LAW REGARDING TERMINATION OF THE LEASE; THE COURT'S JUDGMENT IS AGAINST THE WEIGHT OF THE EVIDENCE, ERRONEOUSLY APPLIES THE LAW, AND LACKS SUBSTANTIAL EVIDENCE TO SUPPORT IT.

Although set out in the brief as a single paragraph, appellants designate the foregoing as "points" rather than as a single point on appeal.[2] They attempted to state three separate points upon which they rely. The first point is:

THE TRIAL COURT ERRED IN AWARDING DAMAGES TO RESPONDENTS AGAINST APPELLANTS FOR PAST DUE RENT ON A LEASE WITHOUT OFFSETTING THE DAMAGES BY THE DAMAGE CAUSED BY RESPONDENTS TO APPELLANTS IN BREACHING THE LEASE AND SELLING THE LAND WHEN THE TERM OF THE LEASE STILL HAD ONE YEAR TO GO FORCING APPELLANTS TO BE UNABLE TO FARM THE LAND FOR THE FINAL YEAR ON THE LEASE, AND IN ORDERING UNPAID RENT TO BE PAID BY APPELLANTS TO RESPONDENTS ON THE LAND FOR A FOUR MONTH PERIOD AFTER THE PROPERTY HAD BEEN SOLD AND THE NEW OWNERS HAD TAKEN POSSESSION, AND APPELLANTS HAD BEEN ORDERED OFF THE LAND; ....

This "point" does state actions or rulings of the trial court about which appellants complain. Those actions or rulings are the awarding of damages to respondents. It is unclear, however, whether appellants are complaining about the amount of damages awarded or about the fact that damages in any amount were awarded. The point lacks clarity and is anything but concise. It does summarize evidence on which appellants tend to rely, i.e., that the term of the lease had one year remaining and that rent was ordered paid for a four-month period after appellants allegedly were ordered to vacate the property. Arguably, this constitutes a statement "wherein" appellants assert the trial court's ruling with respect to damages is erroneous. However, no reason is given "why" the actions of the trial

**2.** The language in Rule 84.04 does not require each point on appeal to be set out in separately numbered paragraphs. However, it is suggested that, unless the nature of a particular point on appeal is such that a single, lengthy recitation cannot be avoided, separate and independent points better satisfy the requirement that points on appeal be stated briefly and concisely. Points on appeal stated separately and independently present each topic that is discussed in a more understandable manner.

court are erroneous. There is no statement of any legal basis for appellants' claim that the trial court's actions or rulings are erroneous. For this reason, the point is a mere abstract assertion in that it does not state why the actions or rulings complained about are in error. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App. 1988); *Williams v. Ford Motor Co.*, 411 S.W.2d 443, 449 (Mo.App.1966). It is not sufficient as a "point relied on." *Holland v. American Republic Ins. Co.*, 779 S.W.2d 775, 776–77 (Mo.App.1989). It preserves nothing for review. *Hoffman v. Koehler, supra; Draper v. Aronowitz*, 695 S.W.2d 923, 924 (Mo.App.1985).

■ The second point stated by appellants is, "THE TRIAL COURT ERRED ... IN FAILING TO FOLLOW THE LAW REGARDING TERMINATION OF THE LEASE; ...." This point fails to identify any actions or ruling of the trial court. It identifies nothing to be reviewed. *Thummel v. King, supra*, at 684–85.

■ The last point states, "THE COURT'S JUDGMENT IS AGAINST THE WEIGHT OF THE EVIDENCE, ERRONEOUSLY APPLIES THE LAW, AND LACKS SUBSTANTIAL EVIDENCE TO SUPPORT IT." As suggested by respondents' brief, this point appears to be a "catchall." Arguably, it lacks any statement as to "why and wherein" the trial court committed error. It does, however, identify the greater part of the criteria for review of a court-tried case, viz., that a judgment of the trial court will be sustained on appeal unless the appellate court determines that there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Notwithstanding its deficiencies, this point and the argument part of appellants' brief, as well as the arguments and authorities set forth by respondents' brief, have been considered in order to review and determine the case on its merits.

Appellants, by their own testimony, admitted that they failed to pay the rent that was required by the terms of their rental agreement with respondents. They acknowledged that, notwithstanding the fact that appellants were in default in the payment of rent, prior to the sale of the farms to third parties, respondents offered to sell the farms to each of them, and each appellant unconditionally rejected those offers.

Giving due regard to the opportunity of the trial court to judge the credibility of the witnesses, upon review of the record on appeal in accordance with Rule 73.01, this court finds that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence; that further opinion would not serve any precedential purpose nor have precedential value; and that no error of law appears. Further, no plain error occurred that affected substantial rights and otherwise resulted in a manifest injustice or a miscarriage of justice. Rule 84.13.

Appellants' Motion to Dismiss Appeal or Alternatively to Affirm Judgment is overruled. The judgment of the trial court is affirmed in compliance with Rule 84.16(b).

CROW, P.J., and PREWITT, J., concur.