**SPRINGFIELD COCA–COLA BOTTLING CO., Plaintiff–Respondent,**

v.

**Charles BELTZ and Sally Beltz, Defendants–Appellants.**

**No. 16526.**

Missouri Court of Appeals,
Southern District,
Division 2.

Aug. 13, 1990.

Brent D. Green, Springfield, for plaintiff-respondent.

Charles Beltz and Sally Beltz, Leavenworth, Kan., pro se.

MAUS, Judge.

In an action on account, plaintiff Springfield Coca–Cola Bottling Co. alleged it sold soda products in the amount of $4,117.98 to the defendants, a partnership consisting of Steven Beltz, Charles Beltz and Sally Beltz. Defendants admitted that they had engaged in business in Missouri as a partnership. Defendant Steven Beltz admitted liability. However, Charles Beltz and Sally Beltz claimed to have withdrawn from the partnership prior to the purchase of the soda products. They denied liability on the account. At trial, there was evidence presented from which the jury could find defendants Charles Beltz and Sally Beltz had not withdrawn from the partnership. The jury returned a verdict for the plaintiff in the amount of $4,117.98 against defendants Charles Beltz and Sally Beltz. Judgment for that amount was entered against the three defendants.

Defendants Charles Beltz and Sally Beltz appeal pro se and state five points in their brief. As appellants, they

"[are], however, still subject to the same rules of appellate procedure as those ad-·mitted to practice law. Appellant[s] [are] not entitled to any indulgence the court would not grant to practitioners." *Niemann v. Kasch,* 740 S.W.2d 706, 707 (Mo.App.1987).

Also see *Boyer v. Fisk,* 623 S.W.2d 28, 30 (Mo.App.1981).

■ The appellants' points on appeal one, four and five are essentially identical assertions of trial court error in the denial of their motion for directed verdict at the close of plaintiff's evidence. This contention has no merit as appellants presented evidence after their motion for directed verdict. This negated the motion.

"After having made the motion, defendant presented evidence. Defendant waived its motion for a directed verdict by offering evidence, and the defendant cannot now claim error because the ruling on defendant's motion is not reviewable by this court." *Holland v. American Republic Ins. Co.,* 779 S.W.2d 775, 776 (Mo.App.1989).

Also see *Polovich v. Sayers,* 412 S.W.2d 436, 438 (Mo.1967). The contention presented in points one, four and five has not been preserved for appellate review and those points are denied.

■ Defendant's second and third points on appeal assert the trial court erred by admitting in evidence certain records. Allegations of error regarding the admissibility of evidence in a jury trial, to be preserved for appellate review, must be presented in a motion for new trial. Rule 78.07. Appellants did not preserve their objections to the admissibility of this evidence in a motion for new trial. As a result, there is nothing preserved for this court to review. *Hoyer v. Laclede Gas Co.,* 759 S.W.2d 242, 245 (Mo.App.1988); *Dixon v. Model Cities Health Corporation of Kansas City,* 651 S.W.2d 498, 499 (Mo. App.1983). A gratuitous review of these points reveals the admission of those exhibits was not error. Points two and three are denied.

The judgment is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., and SHRUM, J., concur.