Mary B. BRYAN, Respondent,

v.

Paul Beck BRYAN, Appellant.

No. 21153.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1997.

---

Darryl Brent Johnson, Jr., Johnson & Johnson, Springfield, for appellant.

Scott B. Stinson, Mountain Grove, for respondent.

PARRISH, Presiding Judge.

Respondent Mary B. Bryan, the 74-year old mother of appellant Paul Beck Bryan, brought this action to set aside a quitclaim deed that conveyed 29 acres of land on which her residence was located to appellant. Appellant is one of respondent's nine children. The trial court entered judgment for respondent setting aside the deed, declaring it "to be void and of no further legal effect whatsoever." This court affirms.

■ Appellant presents one point on appeal. It states:

The trial court erred in granting [respondent's] motion to set aside the quit claim [sic] deed by failing to apply the appropriate standards regarding proof requirements in setting aside deeds.

As respondent points out in her brief, appellant's "Point Relied On" does not comply with Rule 84.04(d). It presents nothing for appellate review. *See Luna v. Smith,* 861 S.W.2d 775, 781 (Mo.App.1993).

In *Jones v. Jones,* 937 S.W.2d 352 (Mo. App.1996), this court explained the significance of Rule 84.04:

Rule 84.04 specifies the manner in which trial court error must be alleged. As explained in *Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990), the rule requires that points relied on contain three things: "(1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken."

*Id.* at 357.

Appellant's point relied on does not advise "wherein and why" the evidence was not sufficient to support the trial court's finding. It does not identify the requirements imposed on a party seeking to set aside a deed, nor does it pose the evidentiary failing appellant asserts existed in this case. It "does not identify what actions respondent was re-quired to take nor what evidence supports the claim that respondent did not fulfill [her] obligations." *Branson Hills Associates, L.P. v. Millington,* 907 S.W.2d 231, 233 (Mo.App. 1995).

■ Notwithstanding the failing of appellant's point relied on, this court has, as permitted by Rule 84.13(c), examined the argument portion of appellant's brief to determine if the trial court committed plain error affecting substantial rights that may have resulted in a manifest injustice or miscarriage of justice. *See Gill v. Farm Bureau Life Ins. Co.,* 856 S.W.2d 96, 97 (Mo.App.1993). That review discloses no plain error.

There was sufficient evidence from which the trial court could have found the conveyance from respondent to appellant was the product of undue influence exercised by appellant over respondent. There was evidence that respondent suffered from a physical infirmity that restricted her ability to recognize and understand the meaning of the act she performed in signing the quitclaim deed. There was evidence from which the trial court could have concluded the conveyance was an unnatural disposition of property. That, together with evidence that appellant, the grantee in the quitclaim deed, actively participated in the transaction; that respondent received no independent advice; and that respondent testified she did not intend to convey any interest in her real estate to appellant, together with a total absence of consideration, supports the trial court's judgment. *See Drake v. Greener,* 523 S.W.2d 601 (Mo.App.1975).

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.