**Susan Gayle (Johnson) WEBBER, Respondent,**

v.

**Kevin R. JOHNSON, Appellant.**

**No. 21246.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 18, 1997.

Don W. Crank, Springfield, for appellant.

Charles T. Rouse, Salem, for respondent.

PARRISH, Presiding Judge.

Kevin R. Johnson (father) appeals a judgment from the Circuit Court of Dent County, Missouri, that, after a trial by the court, modified child custody provisions of an earlier dissolution of marriage judgment. The marriage of father and Susan Gayle Webber (mother) was dissolved September 10, 1993. The dissolution judgment awarded mother and father joint physical custody and joint legal custody of their child, Ahaern Michael Johnson.[1]

The judgment modifying child custody was entered August 16, 1996. The trial court found that a change of circumstances had occurred since the dissolution judgment was entered; that the original custody and support orders were contrary to Ahaern's best interests. The trial court modified the custody schedule. Mother became Ahaern's primary custodian. Father, who was on active duty with the U.S. Navy, was awarded temporary custody for an extensive period during each summer and from noon on Christmas of each year until the following December 31st. The modification judgment also provided for specified weekend custody in the event father was residing at a location that permitted him to have Ahaern with him. Mother was allowed "visitations" with Ahaern on designated weekends in the summers when he would be with father.

Father presents one point on appeal. He contends the trial court erred in making the changes to the joint custody schedule. The "wherein and why" the point attempts to state is a rambling narration of facts gleaned from evidence presented to the trial court. *See* Rule 84.04(d). The narration attempts to compare the number of times father's residence changed between the dates of the dissolution judgment and the modification judgment and the number of times mother's residence changed during that time, concluding that mother's activities demonstrated "a home atmosphere not conducive to the best interests of [Ahaern]," and that mother had little interest in maintaining meaningful contact with Ahaern. Father's point relied on, as this court perceives it, contends the change in the custody award was not "conducive to the best interests of [Ahaern]."

■ Arguably, father's point relied on does not comply with Rule 84.04(d) because it

---

1. In awarding physical custody, the dissolution judgment referred to "primary physical custody" and provided for visitation for significant times including specified holiday periods to the parent who did not receive "primary physical custody." This constitutes joint physical custody as that term is defined by § 452.375.1(2), RSMo Supp.

1993, in that there were significant periods of time during which Ahaern would reside with or be under the care or supervision of each parent. *See Francka v. Francka,* 951 S.W.2d 685, 689 (Mo.App.1997); *Rinehart v. Rinehart,* 877 S.W.2d 205, 207 (Mo.App.1994).

does not inform this court "why" the trial court's determination that the custody modification was in Ahaern's best interests was erroneous. *See Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990). However, "[w]here child custody is in dispute, questionable points on appeal will not be stricken even though the manner of stating the claimed deficiencies may hinder their review." *Rinehart v. Rinehart,* 877 S.W.2d 205, 206 (Mo.App.1994).[2]

■ Having reviewed the record on appeal, this court concludes that the modification judgment was supported by substantial evidence and is not against the weight of the evidence; that no error of law appears. Further opinion would serve no precedential value in that the trial court heard conflicting testimony concerning the issue father presents on appeal. Witness credibility is for the trial court to resolve. *Francka v. Francka,* 951 S.W.2d 685, 690 (Mo.App.1997). The judgment is affirmed in compliance with Rule 84.16(b)(1) and (5).

SHRUM and BARNEY, JJ., concur.

---

2. Mother filed a motion in this court seeking to dismiss father's appeal for the reason that his brief failed to comply with requirements of Rule 84.04(d). That motion was taken with the case. It is denied.