**In re the Marriage of Xavier S. HARRISON, Respondent,**

v.

**LaVon J. HARRISON, Appellant.**

**No. 56217.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 28, 1989.

Lisa A. Kircher, St. Louis, for appellant.

William R. Gartenberg, Lee G. Kline, St. Louis, for respondent.

CRIST, Judge.

Wife appeals the dissolution of this March 14, 1958 marriage from which five children were born. Only one of the children, a daughter born December 8, 1971, was unemancipated at the time of the dissolution on February 2, 1989. We affirm.

Wife claims error in the trial court's division of marital property. Most importantly she claims there was insufficient evidence of the value of husband's Civil Service pension and the court failed to place a value on it. Therefore, because the husband received the entire pension, a just division of marital property was not made.

Neither party requested findings of the specific values of the marital property. Absent such a request, the trial court was under no duty to provide them. *Russo v. Russo*, 760 S.W.2d 621, 626[8] (Mo.App. 1988). Also, husband testified the plan was worth approximately $53,000 if he should retire now. Wife could have, but presented no evidence of its present or future value. In addition, she surreptitiously took $65,000 out of a joint account, deposited it in her sole account, spent part of it in six months and lost the rest, $30,000-$40,000, on a twelve-hour gambling spree in Atlantic City. Given this fact and husband's uncontradicted valuation of the pension's value, we cannot say the trial court erred in awarding husband his entire pension.

Wife complains in subparts (b) and (c) of her first point the trial court failed to consider "the marital debt" and failed to consider husband's alleged misconduct. Suffice it to say the judgment of the trial court is supported by substantial evidence, and its division of the property is not unjust. Point one is denied.

Point two complains about the award of joint custody of the daughter, who will be eighteen on December 18, 1989. Joint custody is an option. The decision of the trial court controls "unless the appellate court is convinced that the welfare of the child re-

quires some other disposition." *Massman v. Massman,* 749 S.W.2d 717, 719[5] (Mo. App.1988). We are not so convinced. There was evidence joint custody was in the best interest of the daughter. Point denied.

■ Wife asserts an award of $700 per month child support was insufficient. Given husband's salary of $6,000 per month, an award of $700 per month is consistent with the Missouri Child Support Guidelines published in the preface to Mo. Cases 735–736 S.W.2d XL. The evidence showed wife could contribute to daughter's support. There was no abuse of discretion. Point three is denied.

■ Wife complains about the award to her of $300 per month modifiable maintenance. § 452.335, RSMo 1986. We must afford the trial court broad discretion in determining a maintenance award. *Eckstein v. Eckstein,* 748 S.W.2d 945, 947[4] (Mo.App.1988). There was evidence wife was earning $10,000 per year. She was healthy and had prospects of earning more in the future. Her conduct with respect to the evaporated $65,000 was relevant under § 452.335.2(7) because it requires the court to consider the "conduct of a party seeking maintenance." We find no error in the trial court's award of $300 per month.

Finally, wife complains about the denial of her attorney's fees. An award of attorney's fees is discretionary. § 452.355, RSMo 1986. *Preston v. Preston,* 767 S.W.2d 618, 621 (Mo.App.1989). Wife testified she had paid her trial lawyer $3,750 out of the $65,000. She has failed to show and the record is devoid of any evidence showing the trial court abused its discretion. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.