**Junior PHILLIPS, Appellant,**

v.

**Merle PHILLIPS, Respondent.**

No. 17549.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 1991.

Brad D. Eidson, Houston, for appellant.

David G. Neal, Eminence, for respondent.

CROW, Judge.

Junior Phillips sued his brother, Merle Phillips, for a "partnership accounting." Merle[1] moved to dismiss, averring the suit was barred by a judgment in his favor in an earlier action between the parties. The trial court granted Merle's motion. Junior appeals.

Junior's petition pled he and Merle formed a partnership in 1986 to engage in the timber business, all profits and losses to be shared equally. The petition further alleged: (1) Junior delivered $6,000 to Merle on or about March 21, 1988, (2) Merle "paid a similar amount and purchased a truck-mounted 'loader' ... for partnership purposes," (3) Merle did not use the loader for partnership purposes, but instead kept it and used it for his own purposes, (4) Junior paid $1,000 as a deposit on a timber tract on or about April 25, 1988, (5) Merle thereafter cut and sold the timber, retaining all profits, (6) Junior had demanded

Merle return the $6,000 used to buy a half interest in the loader and had also demanded an accounting of the partnership's business affairs subsequent to March 21, 1988, and (7) Merle refused to pay Junior the $6,000 and to provide financial information about the loader. The petition prayed for sundry relief including dissolution of the partnership, an accounting "of all matters in controversy," and a declaration that Junior is a "co-owner as tenant in partnership" of the loader and any other property bought with partnership funds.

Merle's motion to dismiss was based on a suit filed in the Circuit Court of Shannon County March 1, 1989 (case number CV789–21CC). The plaintiffs in CV789–21CC were Junior and Wonda Phillips; defendants were Merle and Carolyn Phillips. The petition in that action pled: (1) plaintiffs loaned defendants $6,000 on or about March 21, 1988, for the purpose of buying a loader, (2) plaintiffs loaned defendants $500 in July, 1988, for the purpose of purchasing timber, and (3) plaintiffs had demanded payment since January 3, 1989, but defendants refused to pay. The prayer sought judgment against defendants for $6,500, with interest at 9 percent per annum from January 3, 1989.

The defendants filed an answer in CV789–21CC alleging, among other things:

"4. ... Merle ... states that he and ... Junior ... purchased a loader with funds supplied by ... Junior ... but the loader was used in and contributed to a partnership or joint venture between ... Junior ... and ... Merle ..., that the partnership has since been disolved [sic] and all the assets and liabilities divided and, therefore ... Merle ... is not indebted to Plaintiffs in any amount...."

"5. Defendant, Carolyn Phillips was not directly involved in any business dealings that may have existed between ... Merle ... and the Plaintiffs and is, therefore, not liable to Plaintiffs...."

CV789–21CC was tried to a jury June 21, 1990, on the plaintiffs' petition and the defendants' answer. The verdict was in

1. For convenience, we refer to the parties by their respective first names.

favor of both defendants. Judgment was entered accordingly. The plaintiffs did not appeal.

At the hearing on Merle's motion to dismiss in the instant case, the "complete court file" in CV789–21CC was identified as Exhibit 1 and received in evidence. A transcript of Merle's testimony at that trial and the closing argument of his and Carolyn's lawyer at the trial was received in evidence as Exhibit 2. Neither Exhibit 1 nor Exhibit 2 was filed with the Clerk of this Court within the time required by Rule 81.15.[2] However, simultaneously with the filing of his brief, Merle supplied us copies of some documents from Exhibit 1. After the deadline in Rule 81.15, Junior tendered Exhibit 2 and copies of some documents from Exhibit 1. We granted his request to file them. Neither party has furnished us a transcript of Junior's testimony at trial in CV789–21CC. Our opinion is necessarily based on what the parties have supplied.

In the trial court, Merle argued the instant action was barred by res judicata in that the $6,000 in dispute in CV789–21CC was the same $6,000 referred to in Junior's petition in the instant case. Merle also asserted the instant action was barred by (a) "estoppel by judgment," (b) "splitting a cause of action," (c) "election of remedies," and (d) "judicial estoppel."

The trial court filed a memorandum articulating its reasons for granting Merle's motion to dismiss. It read, in part:

"[Junior argues that Merle's] assertion does not meet the requirements of res judicata, election of remedies, or splitting causes of action because the completed trial only decided the issue of whether or not a loan was made. I find no merit in this argument. In so ruling I find this second action constitutes merely an attempt to add a new theory on which the same cause of action was advanced in the first case.... This unfortunate case involves two brothers and their transactions pertaining to a skidder used in their business. The first case is of the same

character.... The adjudication of the first suit stands as a bar to this suit."

Junior's brief presents one point relied on; it reads:

"The trial court erred in sustaining the motion to dismiss on the ground that the adjudication of the first suit stands as a bar to this suit in that such order is against the weight of the evidence, it is not supported by substantial evidence, and it erroneously declares or applies the law because there is insufficient evidence to support the finding that the adjudication of the first suit stands as a bar to this suit."

Rule 84.04(d) reads:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

■ The purpose of Rule 84.04(d) and the requirements for compliance are set forth in the leading case of *Thummel v. King*, 570 S.W.2d 679, 684–87[3 through 11] (Mo. banc 1978). A point relied on, after identifying the allegedly erroneous ruling of the trial court, must specify why the ruling was erroneous. 570 S.W.2d at 685[5]. This requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed. *Id.* After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which the appellant contends. *Id.*

Junior's point presents the unadorned assertion that there was insufficient evidence to support the trial court's finding that the adjudication in CV789–21CC bars the instant suit. The point supplies no clue as to wherein or why the evidence was insufficient to support such finding.

---

**2.** Rule references are to Missouri Rules of Civil Procedure (1991).

A point relied on stating there was insufficient evidence to support a judgment, without setting forth wherein and why that is so, presents nothing for appellate review. *Best v. Culhane*, 677 S.W.2d 390, 394[4] (Mo.App.1984); *Tripp v. Harryman*, 613 S.W.2d 943, 950[12] (Mo.App. 1981). Consequently, Junior's hypothesis of error (to the extent we are able to divine it from the argument portion of his brief) is reviewable only under Rule 84.13(c). That rule permits discretionary consideration of plain errors affecting substantial rights when the reviewing court finds manifest injustice or miscarriage of justice has resulted therefrom. *In Interest of Kevin*, 685 S.W.2d 938, 942[6] (Mo.App.1985).

Junior's contention, as we fathom it, is that the issue resolved in CV789–21CC was whether a loan had been made by Junior and Wonda to Merle and Carolyn, and, if so, whether it had been repaid. Junior maintains the jury decided no loan had been made, but rather that a partnership asset had been acquired and was in need of division through a partnership accounting. Therefore, argues Junior, the judgment in CV789–21CC does not afford Merle a res judicata defense to the instant action.

Merle's testimony at trial in CV789–21CC included this:

"Q. In March of 1988, what happened?

A. March in 1988 we bought a loader together.

Q. Who's 'we?'

A. Me and Junior.

. . . .

Q. What arrangement did you make with your brother for the purchase of that loader?

A. No arrangements made. He brought me a six thousand dollar ... check ... and I ... deposited it.

Q. And what did you use that money for?

A. I don't know. I just used the money.

Q. Okay. What about the loader?

A. I had the money borrowed from the Eminence Security Bank to buy the first loader and I kept the money....

Q. ... is it your contention that your brother has any interest in this loader?

A. As far as I'm concerned he still has a half interest in it.

. . . .

Q. ... The check for the six thousand dollars ... was made out on March 21st, 1988. When did you buy the loader?

A. March 22nd, '88.

Q. Was that loader used in you and your brother's business?

A. Yes sir.

. . . .

Q. And your brother still has, as far as you're concerned, a half interest?

A. Yes sir."

Merle supplied us a copy of the verdict-directing instruction in CV789–21CC. It appears below.[3] Merle also supplied us a copy of his and Carolyn's converse instruction. It read: "Your verdict must be for Defendants if you believe Plaintiffs did not loan $6,000 to Defendants on or about March 21, 1988."

The lawyer for Merle and Carolyn argued to the jurors in CV789–21CC that the only issue they had to decide was whether the transaction of March 21, 1988, was a loan or a "joint adventure" where Junior and Merle "went together to buy a loader." This was important, said counsel, because if the $6,000 was a contribution to a partnership, and if the loader had depreciated since its acquisition, an accounting would result in each partner being awarded half the current value of the loader. However,

---

**3.** The instruction:
"Your verdict must be for Plaintiffs if you believe:
First, Plaintiffs and Defendants entered into an agreement whereby Plaintiffs agreed to loan money to Defendants and Defendants agreed to repay said loan, and

Second, Plaintiffs performed their agreement, and
Third, Defendants failed to perform their agreement, and
Fourth, Plaintiffs were thereby damaged."

cautioned counsel, if the $6,000 was a loan, the plaintiffs would be entitled to repayment of the full amount.

 It is obvious from the record supplied us that the $6,000 in dispute in CV789–21CC is the same $6,000 referred to Junior's petition in the instant case. However, that does not mean the judgment in CV789–21CC bars the instant suit on any of the grounds asserted by Merle.

One of the allegations in Junior's petition in the instant suit is that he paid $1,000 on or about April 25, 1988, as a deposit on a timber tract. Junior's petition avers Merle harvested the timber and retained all profits. This $1,000 is not mentioned in the plaintiffs' petition in CV789–21CC.

We are mindful that during his trial testimony in CV789–21CC, Merle was asked about a $1,000 check to "Kerr–McGee" dated April 25, 1988. He denied ever seeing it. Nothing in the record before us demonstrates a claim regarding this $1,000 was asserted in CV789–21CC. The battle in CV789–21CC was over the $6,000 Merle received March 21, 1988. As reported earlier, the converse instruction in CV789–21CC told the jurors their verdict must be for the defendants if the jurors believed the plaintiffs did not loan the defendants $6,000 on or about March 21, 1988.

It is true the plaintiffs' petition in CV789–21CC mentioned an alleged $500 loan in July, 1988. However, this was evidently a different sum than the $1,000 allegedly paid by Junior April 25, 1988, for the timber tract deposit.

Furthermore, Junior's petition in the instant case seeks a decree dissolving the partnership and an accounting "of all matters in controversy" between him and Merle. We fail to see how the judgment in CV789–21CC bars such relief. None of the authorities cited by Merle support such a conclusion.

In an accounting between Junior and Merle, we anticipate Merle will argue Junior's testimony in CV789–21CC (whatever it was) bars Junior from claiming the $6,000 was a contribution to the partnership. Merle may also argue the judgment in CV789–21CC bars Junior from a second

effort to recover the $6,000. We need not, and do not, address those arguments in this opinion. They can be addressed in the accounting in the trial court when all debits and credits between Junior and Merle are identified and listed.

However, it is clear the judgment in CV789–21CC was not an adjudication that Merle never received the $6,000. As we have seen, at trial in CV789–21CC Merle solemnly admitted he got the $6,000. The only issue resolved by the judgment in CV789–21CC was whether the $6,000 was a loan.

For the purpose of this appeal, it is sufficient to hold the judgment in CV789–21CC does not bar the instant suit. What effect the testimony and judgment in CV789–21CC may have on whether the $6,000 should now be treated as a contribution by Junior to the partnership need not be considered here. That can await an appeal, if any, from a decree embodying the result of the accounting.

Because the judgment in CV789–21CC is no bar to the instant suit, it would be a manifest injustice to affirm the order dismissing it. The order granting Merle's motion to dismiss is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PREWITT, P.J., and PARRISH, J., concur.