**In the Interest of J.L.C., III, and A.L.M.**

**J.L.C., Jr., Appellant.**
**No. 17786.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 30, 1992.

Richard Whiffen, Sikeston, for appellant.

Daniel F. Norton, Sikeston, for respondent.

PARRISH, Chief Judge.

Appellant appeals from a judgment terminating his parental rights as the father of A.L.M. and J.L.C. The judgment also terminated the parental rights of the children's mother, P.C. P.C. does not appeal. This court affirms.

This action was brought by a juvenile officer, pursuant to §§ 211.444, RSMo 1986, and 211.447.[1] It originated in the Juvenile Division of the Circuit Court of Mississippi County.

Appellate review of juvenile proceedings is in the nature of appellate review of court-tried civil cases. *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698 (Mo.App. 1984).

The trial court's order is the judgment from which [the] appeal is taken. Section 211.261, RSMo 1986; Rule 120.01. As such, it "will be sustained ... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court "shall view the facts and the reasonable inferences therefrom in the light most favorable to the trial court's order." *In Interest of M.L.K.*, 804 S.W.2d 398, 400 (Mo.App.1991).

*In Interest of L.W.*, 830 S.W.2d 885, 886 (Mo.App.1992).

A.L.M. is a male child born January 27, 1987. J.L.C. is a male child born September 8, 1988. A petition had been filed in January 1989, pursuant to § 211.031.1(1)(a), RSMo 1986, alleging that A.L.M. and J.L.C. were neglected in that the environment of the home that was maintained by appellant and P.C., and in which the children were kept, was unsanitary and unkept. The conditions in the home that were described in the petition included: soiled linens on beds; unwashed clothes scattered throughout the house; spray paint cans in a baby's bed; dirty dishes throughout the house; automobile parts in the kitchen area; "floors littered with debris and trash to the extent that there was no visible signs of walking space;" and, unsanitary conditions by reason of garbage being piled in the sink and on the countertops in the kitchen. The trial court entered an order on February 14, 1989, finding that the children were neglected. The children were left in the custody of their parents. The Division of Family Services was ordered to provide supervisory services.

On March 14, 1989, the trial court entered a further order. The trial court found that "[c]onditions [that had] warranted intervention by the court ha[d] escalated and [that it was] in the best interests of said children that they be removed from the custody of [appellant] and [P.C.] and placed in the temporary legal custody of Division of Family Services."

After the children had been removed from the home of their parents, appellant and P.C. separated. Appellant entered into

---

1. References to statutes are to RSMo Supp.1990 unless otherwise stated.

social service agreements with the Division of Family Services in which he agreed to do various things that would enable him to regain custody of the children. Among the things that appellant was directed to do, and that he agreed to do, were to obtain and maintain stable housing; learn to budget income to cover the basic necessities of living; obtain and maintain stable employment; submit to psychological examinations; attend parenting classes and become more informed regarding child development and behavior management; attend counseling sessions; keep the Division of Family Services informed of any changes in his address; cooperate with social workers in providing services for the children, formulating treatment plans and exercising home visitations; demonstrate ability to provide a protective environment and appropriate discipline for children; and to contribute $10 per month per child toward the support of the children.

Appellant failed to comply with the terms of his agreements with the Division of Family Services. He did not maintain stable housing that would have been adequate for his children. During the period beginning in December 1988, and ending in May 1991, appellant admitted to changing residences thirteen times. On one occasion he lived in a 12′ × 6′ camping trailer that had no running water or bathroom facilities. During part of the time, he lived with a nineteen-year old girlfriend and her two children, a fifteen-month old child and a newborn infant. During part of the time, appellant lived with his father. Appellant testified that his father had sexually abused appellant's older sister; that the sister had been removed from the home as a child and placed in foster care. During part of the time, appellant lived with his half-sister, sixteen-year old D.S. That arrangement terminated when D.S. was taken into custody by the Division of Family Services because she was "too young to be [living on her own]."

A petition to terminate parental rights was filed September 20, 1990. On May 22, 1991, the trial court conducted a hearing on the petition. The hearing was not concluded on that day. The trial court heard additional evidence June 24, 1991. The parties were allowed ten days in which to file proposed orders or decrees. The case was then taken under advisement. On August 30, 1991, the trial court entered its judgment terminating parental rights.

Appellant presents three points on appeal. They state:

I

Termination of Appellant's parental rights was not justified as the evidence adduced at trial did not meet the clear, cogent and convincing criteria required by Section 211.447 et. seg. [sic]

. . . . .

II

The decision of the Trial Court requires reversal as the Trial Court made insufficient findings relating to the requirements of Section 211.447.3(4).

. . . . .

III

The appellant and his children were subjected to a juvenile procedure that violated their right to due process as found [in] the United States Constitution and in Article 1, Section 10 of the Missouri Constitution as the appellant was not advised of his right to counsel, advised of the actions that might be taken against him, and was not appointed an attorney until October 2, 1990.

. . . . .

■ Appellant's three points on appeal do not comply with Rule 84.04(d).

Rule 84.04(d) states, with respect to "points relied on" in appellate briefs:

(d) Points Relied On. The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the

court is not a compliance with this Rule.

Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken.

In *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978), the supreme court gave the following explanation of the "wherein and why" in points relied on. The court explained the context of Rule 84.04 as follows:

> "[C]ompliance with these requirements is a matter of common sense if counsel bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends."

*Bentlage v. Springgate,* 793 S.W.2d 228, 229–30 (Mo.App.1990).

None of appellant's points on appeal identify specific actions or rulings of the trial court that are claimed to be erroneous. Points I and II have other deficiencies as well.

In Point I appellant appears to be contending that the evidence adduced at trial was not sufficient to support the trial court's judgment terminating his parental rights. In Point II he appears to be contending that the written findings of the trial court failed to address all factors that it was required to consider. Neither point states "wherein and why" the actions taken were erroneous or the written findings were deficient.

In Point I appellant does not state what requirement of § 211.447 was not met. He does not say "why" the trial court's determination was contrary to provisions of the statute that he cites. He does not say "wherein" the evidence at trial failed to support the judgment terminating his parental rights.

Point II does not state "why" the trial court's "findings relating to the requirements of Section 211.447.3(4)" were deficient or erroneous. It does not state "wherein" the evidence supports appellant's claim that "additional services would be likely to bring about lasting parental adjustment enabling a return of the child[ren] to the parent within an ascertainable period of time." § 211.447.3(4).

In failing to comply with Rule 84.04, the points on appeal present nothing for review. *Phillips v. Phillips,* 819 S.W.2d 413, 416 (Mo.App.1991); *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988).

But for the fact that this appeal is directed to the awesome task of assessing the best interests of young children with respect to their relationships with their biological parent, this court would not proceed further. Mindful, however, of the importance of the subject with which this case deals, this court has undertaken further review, as permitted by Rule 84.13(c), to ascertain whether plain error has occurred that affects substantial rights.

Termination of parental rights is a statutory proceeding. § 211.444, RSMo 1986, and § 211.447. Parental rights may be terminated upon the trial court finding "that the termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more [statutory] grounds for termination exist." § 211.447.2.

■ The ground upon which the trial court relied in terminating appellant's parental rights to A.L.M. and J.L.C. is the ground set out in § 211.447.2(3). Section 211.447.2(3) provides that parental rights may be terminated when the following circumstances exist and it is in the best interests of the child.

The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home....

The trial court found that A.L.M. and J.L.C. had "been under the continuous jurisdiction of the Juvenile Court for a period in excess of one year." The record on appeal demonstrates that the children came under the Juvenile Court's jurisdiction February 14, 1989, and had remained under that court's jurisdiction up to and including the date that the order terminating parental rights was entered, August 30, 1991—more than thirty months. It found that the condition of failing to provide suitable housing, a condition that led to the court's assumption of jurisdiction over the children, still existed; and "that there [was] little likelihood that this condition [would] be remedied at an early date so that the children [could] be returned to the parent in the near future." The trial court further found "that the continuation of the parent-child relationship greatly diminishe[d] the children's prospects for early integration into a stable and permanent home." The trial court found that the grounds required by § 211.447.2(3) in order to terminate parental rights existed. Its findings were supported by clear, cogent and convincing evidence.

◾ Appellant's thwarted second point on appeal, was directed to § 211.447.3(4). That statute directs that the trial court evaluate and make findings, if appropriate and applicable to the case, "[w]hether additional services would be likely to bring about lasting parental adjustment enabling

a return of the child to the parent within an ascertainable period of time." *Id.*

The trial court's findings included that:

It is doubtful additional services will bring about lasting parental adjustment enabling the return of the children to either [appellant or P.C.] within an ascertainable period of time, based upon the ... findings of fact [of the trial court].

Its findings of fact identified abhorrent living conditions in the home where appellant and P.C. lived at the time the children were removed from their custody. The findings disclosed no significant effort by appellant, since the children were removed from his home, to improve those conditions. The evidence upon which the trial court relied disclosed that appellant had an extraordinarily poor attitude with respect to obtaining assistance in learning how to better provide for the needs of his children. He unreasonably resented assistance from others. He deemed the assistance to be intrusions into his relationship with his children. He demonstrated no likelihood for change.

The trial court's findings of fact regarding factors that evidenced the unlikelihood that additional services would be of assistance were supported by clear, cogent and convincing evidence. Those factors were evaluated in detail and with considerable insight.

Appellant's third point on appeal inferred that appellant was denied assistance of counsel when his case was before the trial court. In that regard, it is appropriate to first acknowledge the obvious—that this is a civil proceeding, not a criminal case. It is also appropriate to direct attention to § 211.211 and to Rule 116.01. Both the statute and rule require a trial court, under certain circumstances in juvenile matters, to appoint counsel for a juvenile's custodian.[2] Counsel is required to be appointed when a petition has been filed and the custodian appears before the court and the court finds the following: that the custodian is indigent; that the custodian desires for counsel to be appointed; and that a full and fair hearing requires that counsel be

**2.** The custodian of a juvenile includes a parent.

Rule 110.05(a)(4).

appointed for the custodian. The trial court complied with the requirements of § 211.211 and Rule 116.01.

The judgment of the trial court is supported by substantial evidence. It is not against the weight of the evidence. It neither erroneously declares nor applies the law. The judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.