In re MARRIAGE OF Roxanna
Mary DANIELE and Joseph
Samuel Daniele.

Roxanna Mary DANIELE,
Petitioner/Respondent,

v.

Joseph Samuel DANIELE,
Respondent/Appellant.

No. 60887.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1993.

Application to Transfer Denied
June 29, 1993.

———

Gale Anne Todd, St. Louis, for respondent/appellant.

Roxanna M. Daniele, pro se.

Before CARL R. GAERTNER, P.J., and CRANE and CRAHAN, JJ.

PER CURIAM.

Husband and intervenor grandfather appeal from a decree of dissolution of marriage entered in the circuit court of the City of St. Louis. On appeal husband raises four general points of error and grandfather raises one point of error. We remand for further proceedings on the question raised in husband's fourth point whether a washer and dryer and pension plan were separate or marital property. In all other respects we affirm the judgment of the trial court in accordance with Rule 84.16(b).

■ For his fourth point, husband asserts the trial court erred "as a matter of law and fact and abused its discretion in its division of property and debt because the trial court did not set apart to [husband] all of his separate property and because the division of marital property and debt is not just, all in contravention of Section 452.330 RSMo." This point fails to state with sufficient specificity "wherein and why" the trial court erred. It does not specify what husband believes should have been the trial court's conclusion of law or explain what evidence gives rise to the ruling husband advocates. *Phillips v. Phillips*, 819 S.W.2d 413, 415 (Mo.App.1991). Accordingly this point preserves nothing for appellate review. *Id.* at 416.

■ However, we may in our discretion review contentions in the argument section of the brief for plain error. *Id.* We have considered the arguments raised under point four and find two instances of plain error which together require remand to the trial court.

■ In the first instance the trial court made a factual finding that the washer and dryer had been purchased during the marriage and in its conclusions of law awarded that property, which it characterized as marital property, to wife. The record does not support the finding that the washer and dryer were purchased during the marriage. Rather, both husband and wife testified husband purchased those items shortly before the marriage. There are circumstances under which a trial court can properly find previously purchased property to be marital. See *F.W.H. v. R.J.H.*, 666 S.W.2d 910, 912 (Mo.App.1984) and *Boyce v. Boyce*, 694 S.W.2d 288, 290 (Mo.App. 1985). However, the order indicates that the trial court found the property to be marital on the basis of purchase during marriage and did not reach the question of whether it became marital by virtue of events subsequent to the marriage. Accordingly Finding of Fact 94 and Conclusion of Law 37B are reversed and remanded to the trial court for further proceedings.

■ In the second instance the trial court found that husband began making contributions to the pension plan in 1984, before the parties' marriage on May 23, 1986, but concluded that the plan was wholly marital property because husband's interest in the plan did not vest until during the marriage. This conclusion is erroneous. The percentage of contributions made by husband to his pension plan prior to his marriage represents the percentage of the plan's present value at dissolution which should be characterized as his separate non-marital property. *Baker v. Baker*, 804 S.W.2d 763, 764–65 (Mo.App.1990). The percentage contributed during the marriage represents the percentage of present value which should be characterized as marital property. *Id.*

Accordingly, Conclusions of Law 32, 33, and 34 are reversed and the determination of what percentage of husband's pension plan is marital property and how that marital property should be awarded is remanded to the trial court for further proceedings.

We have considered the other points raised by husband and intervenor grandfather. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The remainder of the judgment is affirmed pursuant to Rule 84.16(b).

An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum opinion, for their information only, setting forth the facts and reasons for this order.

The case is remanded for further proceedings regarding the status and award of the washer and dryer and the pension plan. In all other respects, the judgment is affirmed in accordance with Rule 84.16(b).