**In re the MARRIAGE OF Clydonna RIPPEE and Glendon Wade Rippee.**

**Clydonna Rippee, Petitioner–Respondent,**

**and**

**Glendon Wade Rippee, Respondent–Appellant.**

**No. 18432.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1993.

Richard D. Crites, Springfield, for petitioner-respondent.

John R. Lewis, Shari K. DeArmon, Law Offices of Lewis & Moon, Springfield, for respondent-appellant.

**494**

PER CURIAM.

Appellant contends the trial court erred in entering a dissolution decree which did not value the "interest in his retirement plan" and "erred in the formula it applied to the division of the ... pension plan".

For his first point appellant contends the court erred in not assigning a value to appellant's interest in the retirement plan. Appellant does not cite us to any part of the record showing that he requested the trial court to make a finding on the value of the retirement plan and we have discovered no such request. Unless a request is made, the trial court is not required to make specific findings as to the value of items of marital property. *In re Marriage of Harrison*, 787 S.W.2d 738 (Mo.App.1989); *Burrus v. Burrus*, 754 S.W.2d 882, 887 (Mo.App.1988).[1]

Appellant's second point in full states, "The trial court erred in the formula it applied to the division of the respondent's pension plan thereby apportioning a portion of same that was non-marital in nature to the petitioner."

It is readily apparent, as respondent urges, that this point does not comply with the "wherein" and "why" requirements of Rule 84.04(d). Three things are required with respect to points relied on under that rule: (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence supports the position the party asserts the trial court should have taken. *Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App. 1993). An insufficient "point relied on" preserves nothing for this court's review. *Bentlage v. Springgate*, 793 S.W.2d 228, 231 (Mo. App.1990).

As Point I has no merit and Point II preserves nothing for this court's review, the judgment is affirmed.

All concur.

---

1. Appellant's present counsel did not represent him at trial.