**Esther SIGAN, Plaintiff–Respondent,**

v.

**Echeal SIGAN, Defendant–Appellant.**

No. 69011.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 18, 1996.

Rehearing Denied July 24, 1996.

---

Harvey J. Schramm, Brentwood, for Appellant.

Robert J. Schaeffer, Clayton, for Respondent.

Before PUDLOWSKI, P.J., and SIMON and HOFF, JJ.

PER CURIAM.

Esther Sigan, widow, brought action alleging fraud of marital rights in connection with her husband's transfer of assets before his death to Echeal Sigan, his son from a former marriage. The trial court entered summary judgment in favor of widow and son appeals. Two motions were taken with the case. Widow's motion to dismiss the appeal for failure to comply with Rule 84.04(d) is granted. Widow's motion to strike son's suggestions in opposition to the motion to dismiss is denied. We decline to award costs and attorney fees to widow.

In his first point relied on, son contends "[t]he trial court erred in ordering summary judgment based on fraud when there were, prima facie, several genuine issues of material fact." Widow correctly points out this point violates Missouri Supreme Court Rule 84.04(d). Rule 84.04(d) requires that a point relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Additionally, Rule 84.13(a) states, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...."

The three components of a point relied on are: (1) a concise statement of the challenged ruling of the trial court; (2) the rule of law which the trial court should have applied; and (3) the evidentiary basis upon which the asserted rule is applicable. *State ex rel. Missouri Highway and Transporta-*

*tion Commission v. Delmar Gardens of Chesterfield, Inc.,* 872 S.W.2d 178, 184 (Mo. App. E.D.1994).

Son has failed to state wherein and why the trial court erred and has only set out an abstract statement of law without showing how it relates to any action or ruling of the court.

In son's second point relied on, he contends:

The trial court erred in ignoring the false and fraudulent pleading of [widow's] attorney on the central issue of the litigation. Further, the trial court erred in ignoring the uncontroverted perjury of [widow] on the central issue of the case, both in her sworn answers to Interrogatory No. 14, and in her deposition page 45. Equity courts, even more than other courts, historically require the plaintiff to have "clean hands."

This point also does not comply with Rule 84.04(d). The appeal is dismissed.