Wilda Fern SHELLENBERGER,
Petitioner–Appellant,

v.

Walter Charles SHELLENBERGER,
Respondent–Respondent.

No. 20788.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 1, 1996.

Susanna Jones, Garrity and Jones, Joplin, for appellant.

John Sims, Sims, Johnson, Wood and Higdon, Neosho, for respondent.

PER CURIAM.

This appeal arises from a dissolution of marriage action. Appellant raises two points of error.

In her first point she asserts that:

The trial court erred in failing to follow the "source of funds" rule in disposing of the equity in the parties' residence.

In her second point relied on she further asserts that:

The trial court erred in dividing the marital property in that the court's division is against the weight of the evidence for a just distribution of marital property.

It is readily apparent, as Respondent urges, that the foregoing points relied on fail to comply with the "wherein" and "why" requirements of Rule 84.04(d), Missouri Rules of Civil Procedure (1996).

Rule 84.04(d) reads in pertinent part as follows:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

The purpose of Rule 84.04(d) and the requirements for compliance are set forth in the leading case of *Thummel v. King,* 570 S.W.2d 679, 684–87 (Mo. banc 1978).

"Three things are required with respect to points relied on under that rule: (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence supports the position the party asserts the trial court should have taken." *In re. Marriage of Rippee,* 862 S.W.2d 493, 494 (Mo.App.1993). "This requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed." *Phillips v. Phillips,* 819 S.W.2d 413, 415 (Mo.App.1991). "After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which the appellant contends." *Id.*

"The requirements of Rule 84.04(d) are mandatory." *Anderson v. Howald,* 910 S.W.2d 378, 379 (Mo.App.1995). "An insufficient 'point relied on' preserves nothing for this court's review." *Rippee,* 862 S.W.2d at 494.

 While Appellant's first point identifies the ruling complained of, i.e., failing to follow the "source of funds" rule in disposing of the equity in the parties' residence, there is no mention why the hearing court's ruling was incorrect. Neither is there any mention as to what was before the hearing court that supports the ruling that Appellant contends should have been made. Lastly, the point relied on does not state what the ruling should have been.

■ Appellant's second point contains the same deficiencies as her first point. The point consists of an abstract statement of law without the requisite showing of how it is related to any action or ruling of the court.

As both points relied on preserve nothing for this Court's review, the appeal is dismissed.