In re the MARRIAGE OF Penny Marie MILLER and Marshall Eugene Miller.

Penny Marie MILLER, Plaintiff–Respondent,

v.

Marshall Eugene MILLER, Defendant–Appellant.

No. 20885.

Missouri Court of Appeals, Southern District, Division One.

March 13, 1997.

Gary L. Smith, Smith & Jackson, Lebanon, for defendant-appellant.

James Leslie Thomas, Waynesville, for plaintiff-respondent.

PER CURIAM.

Appellant appeals from a judgment dissolving the parties' marriage. His point on appeal states:

Trial court erroneously applied the law in its characterization of the parties[']

property and trial court's division of marital property was an abuse of discretion and erroneous application of the law and as a result did not equitably divide the property.

■ It is apparent that this point does not comply with Rule 84.04. A point relied on must contain a concise statement of the challenged ruling of the trial court, rule of law which the court should have applied, and evidentiary basis on which the asserted rule is applicable. *Sigan v. Sigan,* 926 S.W.2d 187, 188 (Mo.App.1996). Ordinarily, this requirement contemplates a statement which will closely approximate what the Appellant believes should have been the trial court's conclusion of law on the point being addressed. *Shellenberger v. Shellenberger,* 931 S.W.2d 483, 484 (Mo.App.1996). After stating why the ruling was erroneous, the point should then explain wherein the testimony or evidence gives rise to the ruling for which the appellant contends. *Id.* The requirements of Rule 84.04(d) are mandatory and an insufficient point preserves nothing for this Court to review. *Id.* An abstract statement of law in a point preserves nothing for appellate review. *Id.*

■ Appellant expands upon his contentions and seems to add to them in the argument portion of the brief, but that does not cure the deficiency. The questions for decision on appeal are those stated in the points relied on and a question not there presented is abandoned. *In re Marriage of Flud,* 926 S.W.2d 201, 206 (Mo.App.1996). Issues to which appellant alludes only in argument are not presented for appellate review. *Id.* An appellate court is obligated to determine only those questions stated in the points relied on and issues stated only in the argument portion of the brief are not preserved. *McMillan v. Wells,* 924 S.W.2d 33, 37 (Mo.App. 1996).

■ Nevertheless, we have gratuitously examined the record and find no error in the respects complained of in the point and argument portion of the brief. The trial court did not abuse its discretion in the respects complained of by Appellant.

The judgment is affirmed.