## Walter GREEN, Appellant,

v.

## McDonnell DOUGLAS, et al., Respondents.

No. 73815.

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1998.

lied on preserve nothing for this court to review. *Id.*

Accordingly, the Commission's award is affirmed.

Macarthur Moten, St. Louis, for appellant.

David I. Hares, Clayton, for respondents.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, Walter Green ("claimant"), appeals from the Final Award of the Labor and Industrial Relations Commission ( the "Commission"), wherein it ordered claimant to pay respondents', McDonnell Douglas (Aramak Services, Inc.) and its insurer (collectively "employer"), costs pursuant to RSMo section 287.560 (1994). We affirm.

Rule 84.04 governs the form and content of appellate briefs. Specifically, Rule 84.04(d) requires Points Relied On to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, . . . ." Claimant raises five points on appeal, several of which are redundant, and all of which fail to conform with Rule 84.04(d).[1] Three things are required of a Point Relied On: "(1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence supports the position the party asserts the trial court should have taken." *In re Marriage of Rippee*, 862 S.W.2d 493, 494 (Mo.App. S.D.1993). Insufficient points re-

---

1. For example, claimant's first point reads, "The Commission erred in it's [sic] decision because the employee's application for review was based on reasonable grounds." This point and its deficiencies are representative of the other four points raised.